## LACASSAGNE v. CHAPUIS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF LOUISIANA.

No. 188. Submitted March 1, 1892. — Decided March 21, 1892.

Under a writ of possession, on a judgment entered in January, 1886, in a suit brought in a Circuit Court of the United States by C. against M. in March, 1884, L. was evicted from land, and the agent of C. was put in possession. L. was in possession under a sheriff's deed made in August, 1885, under proceedings in another suit against M. L. brought a suit in equity, in the same Circuit Court, in April, 1886, against F. as testamentary executor of C. and individually, to have the suit of C. declared a nullity, for want of jurisdiction, and because L. was not a party to it, and for an injunction restraining F. and the agent of C. from molesting L. in the possession of the land. On demurrer to the bill: *Held*,

(1) The case was not one for a suit in equity;

(2) The possession of L. was that of M.; and L. as a purchaser *pendente lite*, was subject to the operation of the writ of possession;

(3) The proper decree was to dismiss the bill, without prejudice to an action at law.

THE case is stated in the opinion.

*Mr. Alfred Goldthwaite* for appellant.

*Mr. A. H. Leonard* and *Mr. Morris Marks* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought by a bill filed April 15, 1886, in the Circuit Court of the United States for the Western

District of Louisiana, by Laurent Lacassagne, a citizen of
France, against François Chapuis, a citizen of Switzerland,
in his capacity of testamentary executor of Jeanne Caroline
Cavé Cavailhez (hereinafter called the widow Cavé) and in
his individual capacity. The subpœna was served on the
defendant in person, at New Orleans, Louisiana, May 5, 1886,
and he, as such testamentary executor and individually, ap-
peared and put in a demurrer to the bill. The demurrer
was sustained, and a decree was entered dismissing the bill,
from which decree the plaintiff has appealed to this court.

The contents of the bill are as follows : The plaintiff is the
owner of a plantation situated in the parish of Vermilion, Lou-
isiana, on the east side of Bayou Vermilion, having a front of
10 arpents by 40 arpents in depth, with the buildings and im-
provements thereon, and the plantation equipment. He ac-
quired the ownership of the property, with Albert G. Maxwell,
in judicial proceedings prosecuted in the District Court for the
parish of Vermilion, in the suit of *Albert G. Maxwell* v. *Mar-
celine Cavailhez*, and by sheriff's deed signed by the sheriff of
the parish, dated August 15, 1885. The plaintiff acquired the
interest of Maxwell in the property by act of sale, October 22,
1885, and thereby the whole of the plantation became his
property. The widow Cavé, alleging herself to be a citizen of
France, and to be the widow of Baptiste Cavailhez, deceased,
on or about March 5, 1884, instituted a suit in equity in the
same Circuit Court of the United States, wherein she was
complainant, and Marceline Cavailhez, widow of C. H. Rem-
ick, in her own right and as tutrix of her four minor children,
named Remick, and as tutrix administering the estate of said
C. H. Remick, was defendant. In that suit, the widow Cavé
claimed, as the widow in community of Baptiste Cavailhez, to
be the owner of one undivided half interest in said plantation,
and that the other undivided one-half interest therein was bur-
dened with a tacit mortgage to secure $5310 paraphernal
property, due her by the succession of Baptiste Cavailhez.
The prayer of the bill in that suit was, that the plantation
be decreed to be still the property "in indivision" of the estate
of Baptiste Cavailhez; that the widow Cavé be recognized as

the owner of one undivided half of the plantation, and as a mortgage creditor of Baptiste Cavailhez, in the sum of $5310, with legal interest from judicial demand, on the undivided half of the plantation belonging to Baptiste Cavailhez; and that process issue against Marceline Cavailhez, widow of C. H. Remick, in her individual capacity, and as tutrix of her minor children, and as tutrix administering the estate of said Remick; but the bill in the suit by the widow Cavé nowhere averred that Marceline Cavailhez was in possession of the plantation when the suit was brought, either for herself individually, or as tutrix as aforesaid, or by agent or employé.

The plaintiff and Maxwell were mortgage creditors of Marceline Cavailhez, and their mortgage was duly recorded in the mortgage office of the parish of Vermilion at the time, and before the suit brought by the widow Cavé against Marceline Cavailhez was instituted; the recording operated as notice to the widow Cavé and all the world; and no right or interest of the plaintiff or of Maxwell could be passed on in that suit, or be affected by the decree therein made, without their being made parties to the suit.

The court was without jurisdiction to entertain that suit; the widow Cavé was not a citizen of France, as she falsely alleged herself to be, to give the court jurisdiction of the parties, but was a citizen of Louisiana, residing at New Orleans; a fraud was practised on the court; and the proceedings were null and void, and should be so decreed to be.

The judgment rendered in that suit, on January 11, 1886, decreed that the widow Cavé be "recognized as the lawful widow of Baptiste Cavailhez," and as such "entitled to and decreed to be the owner of the undivided half of all the property above described," including with other property the said plantation and its paraphernalia; that she have judgment against the estate of Baptiste Cavailhez in the sum of $5310, with legal interest from February 25, 1884; and that her mortgage to secure said sum and interest, on the property of Baptiste Cavailhez, to take effect from April 13, 1863, be recognized and enforced. On the 2d of February, 1886, a petition was presented to the court for a writ of possession under

said decree, and was granted, and a writ of possession was issued to the marshal, by which he was ordered to eject Marcèline Cavailhez and those who might be holding said property under her, " by private deed of transfer or otherwise, since the institution of the aforesaid suit, to wit, March 5, 1884, and during the pendency of said suit," and to put the widow Cavé in full possession of said property. Said writ was not warranted by the decree, was issued improvidently and upon a wrongful suggestion, and was null and void. It was executed on February 5, 1886, " by serving the writ and copy of judgment" on one Armintor, " who was living in the house and had charge of the property, and he being a major," and the return of the marshal, filed February 10, 1886, states that he took possession of the plantation and improvements, and then placed them in the possession of one Brulard, as the agent of the widow Cavé.

The plaintiff Lacassagne was in possession of the plantation, as owner, by his laborers, servants, and employés, when the marshal pretended to execute the writ. Brulard came upon the plantation, and now occupies a portion of the dwelling thereon, but the carpenters and laborers thereon have been continuously and still are in the service and pay of the plaintiff. He is deterred from going upon the plantation and exercising his rights of ownership, by the violence and threats of Brulard. The plaintiff claims to be in possession, though his possession is disturbed and interfered with by Brulard, acting under direction of, and advice from, the defendant.

The plaintiff has not been a party to any suit, and is not bound by any order of a court until he has an opportunity to be heard. Though the acts were in the name of the widow Cavé, yet the plaintiff charges that she was instigated to do all that she did by the defendant. Brulard is an agent, and under the control of the defendant, and of the court. The whole proceeding was void for want of jurisdiction of the parties. The plantation is deteriorating in value, and the season for planting and preparing for crops is passing, and irreparable injury is being done to the plaintiff. An injunction *pendente lite* is necessary to restrain the defendant, as testamentary

executor and individually, and his agents and employés, from interfering with the possession of the plaintiff or molesting him or his agents and servants on the plantation. A restraining order ought to issue, pending the motion for an injunction, and the injunction be made perpetual on a final hearing. The plaintiff is without a full, complete and adequate remedy at law, and must resort to a court of equity to have his rights determined and secured.

The prayer of the bill is, that the suit so brought by the widow Cavé be declared an absolute nullity, because there was no jurisdiction in the court over the parties; that, in case said suit was properly brought between the parties thereto, it be decreed to have no force or effect against the plaintiff herein, he not having been a party to it, and the decree not operating against him; that the writ of possession be decreed to be void; and the possession of Brulard illegal, and Brulard advised to vacate the premises occupied by him on the plantation; that an injunction issue, to be made perpetual at the final hearing, commanding the defendant, testamentary executor and individually, his agents, servants and employés generally, and Brulard in particular, to desist from interfering with or molesting the plaintiff in the possession of the plantation, or his laborers, servants and employés; that a restraining order issue, pending the motion for an injunction; and for general relief and process.

The demurrer of the defendant, as testamentary executor and individually, alleges, as cause of demurrer, a want of equity in the bill.

We are of opinion that the decree must be affirmed. The suit by the widow Cavé was brought in March, 1884. The deed of the plantation from the sheriff to the plaintiff and Maxwell was dated August 15, 1885. That deed was given in judicial proceedings brought by Maxwell against Marceline Cavailhez, widow of C. H. Remick. The title of Maxwell and the plaintiff was acquired during the pendency of the suit brought by the widow Cavé. The marshal properly executed the writ of possession and put the property into the possession of Brulard, as the agent of the widow Cavé, and such possession

was held by Brulard when the present suit was instituted by the plaintiff. The plaintiff was out of possession when he instituted this suit; and by the prayer of this bill he attempts to regain possession by means of the injunction asked for. In other words, the effort is to restore the plaintiff, by injunction, to rights of which he had been deprived. The function of an injunction is to afford preventive relief, not to redress alleged wrongs which have been committed already. An injunction will not be used to take property out of the possession of one party and put it into that of another. 1 High on Injunctions, 2d ed. § 355.

The question here involved is a dispute about title. The plaintiff has a full, adequate and complete remedy at law, and the case is not one for the jurisdiction of a court of equity. If the plaintiff was in the possession of the plantation when the judgment in favor of the widow Cavé was rendered, on January 11, 1886, and when the marshal executed the writ of possession on February 5, 1886, it does not follow that the fact that he was not a party to the suit in which it was issued, could prevent his being evicted under the writ of possession. A pending suit in regard to real estate is notice to all the world. During the pendency of the suit brought by the widow Cavé against Marceline Cavailhez, the plaintiff undertook to acquire rights in the plantation under Marceline Cavailhez, by the sheriff's deed, to the prejudice of the widow Cavé; and his possession, so far as it affected the latter, was the possession of Marceline Cavailhez, and the writ was properly issued and executed. It is provided as follows by the civil code of Louisiana, (art. 2453:) "The thing claimed as the property of the claimant cannot be alienated pending the action, so as to prejudice his right. If judgment be rendered for him, the case is considered as a sale of another's property and does not prevent him from being put in possession by virtue of such judgment."

As the plaintiff was evicted and the plantation was put into the possession of the widow Cavé, a court of equity cannot give the plaintiff any relief, until he has established his title by an action at law. Under the jurisprudence of Louisiana, the

claim of the plaintiff is a "third opposition." By the Code of Practice of Louisiana, (art. 401,) a third opposition is defined as "a demand brought by a person not originally a party in the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him." It is a suit at law, a short, summary proceeding, and not a formal one in chancery. Code of Practice, art. 298; *Van Norden* v. *Morton*, 99 U. S. 378, 381.

It is well settled, in regard to land, that, when a suit is pending in regard to it, a person who purchases under the defendant *pendente lite* is subject to the operation of a writ of possession if one is finally issued on a judgment in the suit. *Walden* v. *Bodley*, 9 How. 34, 49; *Terrell* v. *Allison*, 21 Wall. 289; *Tilton* v. *Cofield*, 93 U. S. 163; *County of Warren* v. *Marcy*, 97 U. S. 96, 105; *Union Trust Co.* v. *Southern Navigation Co.*, 130 U. S. 565, 570, 571; *Mellen* v. *Moline Iron Works*, 131 U. S. 352, 371.

The fact that the plaintiff and Maxwell were mortgage creditors of Marceline Cavailhez, and that their mortgage was duly recorded in the mortgage office of the parish, before the suit brought by the widow Cavé was instituted, is of no consequence, so far as the present suit is concerned. If the rights of the plaintiff or those of Maxwell under that mortgage could not be affected by the decree made in the suit brought by the widow Cavé, because they were not made parties to that suit, the result is simply that the decree in that suit had no effect upon their rights under the mortgage. But that fact has no bearing upon the matters sought to be litigated in the present suit. The mortgage, if valid, still remains valid, and lawful proceedings can be had upon it, subject to such defences as may be interposed in regard to it. If the title of the widow Cavé to the plantation, under the suit brought by her, is subject to the rights of the plaintiff under the mortgage executed by Marceline Cavailhez, this bill in the nature of a bill of review is not the proper mode of enforcing the rights under that mortgage. The widow Cavé was not bound to make the plaintiff or Maxwell, as mortgage creditors of Marceline

Cavailhez, parties to the suit she brought, and their rights as such creditors were not affected by the decree in that suit.

As to the allegation in the bill that the court was without jurisdiction of the suit brought by the widow Cavé, because she alleged falsely therein that she was a citizen of France, when in fact she was a citizen of Louisiana, and thus the court had no jurisdiction of the suit as between her and Marceline Cavailhez, that question cannot be raised and adjudicated in this suit. By the record of the former suit, there appeared to be jurisdiction, and the plaintiff cannot question it by means of this suit, when the question is not raised by Marceline Cavailhez, who was the defendant in the former suit.

Although the present suit is one between two aliens, yet inasmuch as it is brought in the same Circuit Court in which the former decree was rendered, and to impeach that decree, we think that the court had jurisdiction. That being so, it had authority to make a decree on the merits.

The decree dismissing the bill absolutely must be so modified as to declare that it is without prejudice to an action at law, and, as so modified, it is affirmed, with costs. *Horsburg* v. *Baker*, 1 Pet. 232; *Barney* v. *Baltimore City*, 6 Wall. 280; *Kendig* v. *Dean*, 97 U. S. 423; *Rogers* v. *Durant*, 106 U. S. 644; *Scott* v. *Neely*, 140 U. S. 106, 117.

*Decree affirmed as modified.*