## HIGINIO ROMEU, Plff.,
*v.*
## ROBERT H. TODD, Dft.

---

Equity, No. 253.

1. In order to maintain a bill in equity to remove a cloud from title, complainant must allege title in himself and the existence of a cloud apparently valid.

2. Where, pending a creditors' bill describing specific real property, the defendant having the apparent title conveys to a third party, the rights of such grantee are subject to the result of said creditors' suit; and, if the complainant obtains a decree, the purchaser *pendente lite* cannot enjoin the execution thereof.

3. Where one buys property while it is involved in litigation, he obtains the title subject to the same charges as affected it in the hands of his vendor. The purchaser's position is no better and no worse.

Romeu v. Todd.

4. Local laws have no binding force upon United States courts in respect to their procedure when exercising equity or admiralty jurisdiction.

Opinion filed June 5, 1905.

---

*Messrs. Horton & Cornwell,* solicitors for complainant.

*N. B. K. Pettingill, Esq.,* solicitor for defendant.

McKENNA, Judge, delivered the following opinion:

Complainant filed this bill to remove a cloud on his title to the real estate therein described, and to restrain defendant from proceeding to sell said real estate. Defendant demurs to the bill on the ground that it does not disclose a cause of action. In order to maintain this action the bill must show title in plaintiff, and that defendant is setting up a cloud upon it.

From the pleadings it appears that Robert H. Todd, the defendant, on December 9th, 1901, filed a creditors' bill in this court against Pedro Agostini, Juan Agostini, and Ana Merle. A subpœna was awarded and properly served, and the case was duly prosecuted. On December 18th, 1903, a decree was entered by this court in favor of Todd. On May 21, 1903, Ana Merle, one of the defendants, conveyed the property then in litigation to Higinio Romeu, the complainant in this bill. It is therefore admitted that the complainant purchased the land involved in this controversy from a party defendant to a proceeding in equity then pending in this court. His purpose in filing the bill is to remove a cloud on the title so purchased by him, arising from the final decree of this court in that litigation against his vendor, and to restrain the execution of that decree.

As this is a proceeding on the equity side of the court, it is

Romeu v. Todd.

governed by the principles of equity followed by the Federal courts, as distinguished from suits at law, where local statutes are adopted. As local laws have no binding force upon the United States courts in matters of procedure in equity and maritime law, the laws of Porto Rico relating to filing of notice of *lis pendens* have therefore no application in this case; and the sufficiency of this bill must be determined by the rules and principles followed in like proceedings in the courts of the United States. Stewart v. Wheeling & L. E. R. Co. 53 Ohio St. 151, 29 L.R.A. 438, 41 N. E. 247. Complainant's title being derived from a party to litigation pending at the time of his purchase, what effect had the ultimate result of that litigation on his title? If he was affected with notice of the proceedings pending at that time, it follows that he is not entitled to maintain his bill in this case. Chancellor Kent, in Murray v. Ballou, 1 Johns. Ch. 566, said a pending suit in equity, "duly prosecuted and not collusive, is notice to a purchaser [of the property in dispute from a party to the litigation] so as to affect and bind his interest by the decree; and the *lis pendens* begins from the service of the subpoena after the bill is filed." "It is a settled principle that the purchaser of property in litigation *pendente lite* is bound by the judgment or decree in the suit. 1 Story, Eq. Jur. § 405. And the rule is said to be founded upon great public policy; for otherwise alienations made during a suit might defeat its whole purpose, and there would be no end to litigation. Id. § 406." Interstate Commerce Commission v. Western New York & P. R. Co. 82 Fed. 192. Clearly, then, as the complainant purchased this property then in dispute from a party to the litigation, long after the filing of the bill and services of subpoena, it is therefore bound by the decree in that case. A pending suit in equity operates as constructive notice to the world, and a purchaser *pendente lite* is bound by the final result of the litigation.

Romeu v. Todd.

The decree of December 18th, 1903, has established that complainant's vendor held the land as trustee, subject to the lien of this defendant; and complainant took no better title than his vendor, but whatever title passed to complainant from Ana Merle was subject to the lien of the claim of defendant in this bill.

It is apparent that the facts set forth in complainant's bill do not show a title or encumbrance apparently valid but in fact invalid, as is necessary to constitute such a cloud as entitles a party to relief in equity, but, on the contrary, the admitted facts show a perfectly valid encumbrance, which we are without power to disturb; and therefore this bill does not present a sufficient cause of action. If the bill cannot be maintained to remove the cloud, neither can the defendant be restrained from proceeding with the sale of the land in dispute. No appeal having been taken, the decree of this court has long since become final and conclusive, and defendant can proceed by appropriate writ of execution. Lacassagne v. Chapuis, 144 U. S. 125, 36 L. ed. 371, 12 Sup. Ct. Rep. 659.

We are of the opinion that the bill filed in this case does not disclose a cause of action; and the demurrer is therefore sustained, and bill dismissed at cost of complainant.