HUGO ROSEBERG

*v.*

AMERICAN HOTEL AND GARDEN COMPANY et al.

[Decided March 3d, 1924.]

1. The taking of an appeal from an injunction order granted by the court of chancery prevents such order from being subsequently revoked or modified by that court during the pendency of the appeal.

2. A defendant who, after being enjoined by the court of chancery from disturbing the complainant in his possession of a leasehold estate until that court shall otherwise order, institutes an action of ejectment against the complainant for the purpose of ousting him from that possession is guilty of a contempt of that court, notwithstanding that prior to the institution of such action he has appealed from the enjoining order and that such appeal has not been disposed of.

On appeals from three several orders of the court of chancery advised by Vice-Chancellor Ingersoll.

*Mr. John C. Reed* and *Mr. Clarence L. Cole,* for the appellants.

*Mr. William E. Brown, Jr.,* and *Mr. Emerson Richards,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed for the purpose of obtaining an injunction restraining the present appellants the American Hotel and Garden Company and J. G. McCrory Company from disturbing the complainant in, or otherwise interfering with, his possession or enjoyment of a certain store and premises held by him under a lease made by the American Hotel and Garden Company to him for a term of three

years from January 1st, 1922, at an annual rental of $5,000. Upon the filing of the bill and the affidavits annexed thereto, an order was made requiring the defendants to show cause why a preliminary injunction should not be granted in accordance with the prayer of the bill, and upon the return of that order, and after a consideration of the affidavits submitted by the respective parties, the court "ordered that until the final hearing of this cause, or this court shall otherwise order, the defendants and each of them, their and each of their agents, servants and workmen, be and they are hereby enjoined and restrained from removing the complainant from or disturbing him in or otherwise interfering with his possession or enjoyment of the store and premises," &c.

The principal appeal now before us is directed at this restraining order. It is enough to say, in disposing of it, that we fully concur in the views expressed by the learned vice-chancellor in the opinion filed by him, and affirm the order upon that opinion.

Pending the appeal just referred to, the defendants applied to the court of chancery to dissolve the injunction because of certain facts which, they alleged, had arisen since the making of the restraining order. Upon the hearing of this application, the vice-chancellor considered that the facts upon which it was rested had not been satisfactorily proved, and for this reason dismissed the application. The defendants thereupon appealed to this court from the order of dismissal. We concur in the action of the court of chancery now complained of, but not for the reason upon which it was based. The appeal from the order directing the injunction removed that order to this court for its consideration and determination of the question of its validity. The effect of filing that appeal, as is pointed out in our decision in *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. 647,* was to prevent the order from being so dealt with subsequently by the court of chancery as to destroy or impair the subject of the appeal. As was said in the cited case, to concede the existence of such a power in the court of chancery "would be wholly inconsistent with the paramount cog-

nizance given to this court over the subject of the appeal. By acceding to such a doctrine this court would abnegate the greater part of its authority, in this domain, vested in it by the legislature and the constitution." If the defendants desired to obtain from the court of chancery a dissolution of the injunction there ordered, the only way in which they could accomplish that purpose was to have dismissed the appeal by which the order was removed into this court, prior to making the application for the relief sought.

For the reason stated, the order refusing to dissolve the injunction will also be affirmed.

The third appeal is from an order adjudging the defendant the American Hotel and Garden Company in contempt by instituting an action of ejectment against the complainant, the purpose of which was to oust the complainant from the possession of the premises involved in this litigation. The court of chancery held that, by instituting this proceeding, the appellants had violated the mandate of the restraining order, and, consequently were guilty of the contempt charged against them. We have no doubt as to the soundness of this conclusion. The fact that the injunction order has been appealed from did not suspend its operation pending the appeal. So long as it remains unmodified or unreversed, it is binding upon the parties, and a violation of any of its provisions renders the violator subject to punishment as a contemnor. That the institution of the ejectment suit was a violation of that provision of the order which restrained the appellants from "removing the complainant from, or disturbing him in, or otherwise interfering with his possession and enjoyment of his leasehold estate," is too plain for discussion. It is argued that this mandate is broader than was justified by the prayer of the bill, and improperly deprived the appellant of an undisputed legal right, and that, therefore, it was warranted in disregarding the order to that extent. Assuming the fact to be as stated, the conclusion is conspicuously a *non sequitur*. The remedy of the appellant was either to apply to the court of chancery, before taking an appeal, to modify the restraint to the extent

indicated, or, after appeal taken, to attack the alleged unwarranted provision in the court of review.

We conclude, therefore, that this latter order should also be affirmed.

In each of the three appeals:

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—12.

*For reversal*—None.