(No. 2790.   May 2, 1924.)

ROSS v. OVERTON.

SYLLABUS BY THE COURT.

1.   Injunction is a proper remedy against his landlord by a tenant whose business is being interfered with or destroyed by the unlawful acts of the landlord in taking possession of the premises and the property of the tenant therein.

2.   Findings of the court will not be disturbed when supported by substantial evidence.

3.   A landlord claiming a lien upon the property of a tenant in the leased premises, may, under the provisions of chapter 65, Laws 1917, either bring action in the courts or may proceed by written demand on the tenant for the rent, and, after default, may advertise and sell the property, but he may not forcibly seize the property prior to a compliance with the statute.

Appeal from District Court, Curry County; Bratton, Judge.

Action by Tom Ross against Maggie Overton. From a judgment for plaintiff, defendant appeals. Affirmed and remanded.

Rowells, Reese & Morgan, of Clovis, for appellant.

Hall & McGhee, of Clovis, for appellee.

OPINION OF THE COURT.

PARKER, C. J.   The appellee, hereinafter called plaintiff, brought an action for injunction against the appellant, hereinafter called defendant, to restrain her from seizing and selling personal property of the plaintiff to satisfy her alleged landlord's lien.   He alleged that said property was being used as a going restaurant business, that he owed no rent to defendant, and that defendant by force and fraud entered the leased premises and took possession of his personal property and proceeded to use the same as her own.   Defendant answered, denying the taking of possession by force or fraud, and alleged that upon making demand that plaintiff do not remove from the premises his personal property until the rent due her was paid in full, the keys to said building were turned over to her voluntarily.   The court found for the plaintiff on the issue as to the character of the entry of the defendant and the taking and holding of the possession of the premises and property, and awarded a permanent injunction restraining defendant from interfering with the possession by plaintiff of the personal property, and of the premises upon payment of $66.67, the amount found by the court to be due for rent.   Defendant has appealed.

[1]   1.   We have then a case where, upon the pleadings, proofs, and findings, the court has enjoined the forcible and fraudulent taking of the possession of the premises and property being used at the time in the conduct of a going restaurant business.   Counsel for defendant argues at considerable length that plaintiff had an adequate remedy at law by replevin, and by ejectment or forcible entry and detainer for the possession of the premises.   They overlooked, however, the controlling consideration that this property was being used in a restaurant business, which business, if the property were to be removed from the building, would be destroyed.   The building which the plaintiff was occupying as a restaurant had been forcibly and with fraud and stealth entered by the defendant, and plaintiff had been turned out. Under ordinary circumstances

this would be a perfect case for ejectment or forcible entry and detainer. But, in the meantime, and before judgment could be obtained in either form of action, the business of plaintiff would be destroyed. It would seem plain, therefore, that the legal remedies are inadequate and for that reason the equitable remedy of injunction is available. It has been so held. See 32 C. J. "Injunctions," § 209, where the cases are collected, including Hagerman Irr. Co. v. McMurry, 16 N. M. 172, 113 Pac. 823. See, also, Quinn v. Fountain Inn, 218 Ill. App. 260; Pokegama & Co. v. Klamath & Co. (C. C.) 96 Fed. 34.

[2] 2. Counsel for defendant argue that the court erred in its findings of fact, and in refusing to make findings as requested, as well as conclusions of law based thereon. A sufficient answer to this contention is that the findings made are supported by substantial evidence and the legal conclusions drawn therefrom are correct.

[3] 3. It is apparent that the defendant was wholly in the wrong in her procedure. She had a landlord's lien on the property of plaintiff for $66.67, as the court found. But she forcibly took possession of the property without first demanding the rent due and claiming the landlord's lien. Section 26 of chapter 65, Laws of 1917, provides two methods of procedure for the enforcement of a landlord's lien: The landlord may either bring a suit for the rent due, and obtain a general judgment against the debtor, and levy upon the property upon which the landlord's lien exists, and may have general execution against any other of the property of the debtor; or the landlord may serve the debtor with a written notice, setting forth the amount of the indebtedness, and that if the same is not paid within ten days after service, the property will be advertised and sold to satisfy said indebtedness. By section 27 of the same act it is provided that, if default be made by the debtor after such notice, the lien claimant may advertise and sell the property at public auction after giving 20 days' notice of such sale. In these particulars the defendant in this case wholly failed, and her acts for this reason were all illegal and amount to a

naked and continuing trespass upon the business of the plaintiff.

It follows from all of the foregoing that the judgment of the district court is correct and should be affirmed, and the cause should be remanded to the court below, with directions to enter judgment against the defendant and the sureties upon her supersedeas bond herein, and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., not participating.