J. C. McFARLAND CO. v. O'BRIEN et al.

(District Court, N. D. Ohio, E. D. April 10, 1925.)

No. 1402.

1. Conspiracy ⊜⟶8 — Contract is property which is protected by law against conspiracy.

Contract of subcontractor with contractor is property, and officers of local labor unions and contractor have no right to conspire to deprive subcontractor thereof.

2. Conspiracy ⊜⟶8—Local labor unions and officers thereof have no right to coerce contractor to join conspiracy against subcontractor, by threats of withdrawing members from working for other subcontractors.

Local labor unions, their officers and members, have no right to coerce building contractor to join conspiracy to deprive subcontractor of rights under subcontract by threats of withdrawing their members from work for other subcontractors on building and other buildings in which contractor was interested, regardless of provision of constitution of labor union, and any custom or practice of building contractors of dealing with local unions in accordance therewith.

3. Conspiracy ⊜⟶8 — Subcontractor held to have right to employ any competent workmen to perform work under contract.

Subcontractor has right to employ any competent workmen, whether members of local labor unions, or of no unions, to perform work required by subcontract.

4. Conspiracy ⊜⟶8—Right of members of labor union to combine and act through agents and to apply for work and bargain collectively held not to entitle them to conspire to deprive subcontractor of property in contract.

Local labor unions and their members have right to procure work from subcontractor by same methods as other workers not members of union, and their right to combine and act through agents, to apply for such work and bargain collectively as to terms, does not entitle them to combine with contractor to force subcontractor to allot work under subcontract to members of local unions.

5. Conspiracy ⊜⟶8 — Constitution of labor union and custom of building contractors of dealing with local unions held not to justify contractor in breaking contract with subcontractor.

Provision of constitution of labor union, and any custom or practice of building contractors of dealing with local unions in accordance therewith, does not justify contractor in breaking contract with subcontractor for failure to employ members of local unions for certain work.

6. Injunction ⊜⟶4—Function of injunction is to afford preventive relief, not to redress wrongs already committed.

Function of injunction is to afford preventive relief, not to redress wrongs which have already been committed, or restore party to rights of which he has been deprived.

7. Injunction ⊜⟶34—Injunction will not be used to take property out of possession of one party and put it into that of another.

Injunction will not be used to take property out of possession of one party and put it into that of another.

8. Injunction ⊜⟶136(2) — Subcontractor held not entitled to preliminary injunction against unlawful interference with performance of contract by contractor.

Where building subcontractor had substantially completed contract, except for finishing

down doors and metal trim, and contractor, for refusal of subcontractor to employ members of local labor unions, took such work from subcontractor and awarded it to third party, who employed members of such local unions, and which work was in progress, preliminary injunction is not proper remedy for subcontractor, since it could only be complied with by compelling breach of contract with third party who was not made defendant.

9. Injunction ⊚⟳136(3) — Fact that, unless work contracted to be done by subcontractor were well done, subcontractor's trade reputation would be injured, held not to warrant preliminary injunction against contractor's giving work to third party.

Where contractor, for refusal of subcontractor to permit certain work to be done by members of local labor unions, took work from subcontractor and let it to another, fact that, unless such work was well done it would not present good appearance and might injure such subcontractor's trade reputation, and that permitting contractor and local unions to pursue such conduct might render other contractors less willing in future to contract with subcontractor, was not sufficient to warrant preliminary injunction against letting such work to third party who was not made party defendant; plaintiff's remedy by action at law for breach of contract being adequate.

In Equity. Suit by the J. C. McFarland Company against John O'Brien, individually and as secretary of Local No. 17 of the International Association of Bridge & Structural Ironworkers, and others, for an injunction. Application for preliminary injunction denied.

Stanley & Horwitz, of Cleveland, Ohio, for plaintiffs.

J. Paul Thompson and Wm. J. Dawley, both of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. The jurisdiction of this court is invoked on the ground of diversity of citizenship. The defendants are seven local unions of five international labor unions in the building trades, and individual officers of said local unions, and also the George A. Fuller Company, a corporation. The object of the bill is to enjoin unlawful interference by all said defendants with the performance by plaintiff, as subcontractor under the George A. Fuller Company, general contractor, of certain work in the construction of a large building now under erection for the Brotherhood of Locomotive Engineers Building Association, Inc. The bill was filed March 25, 1925. An order to show cause was issued, returnable April 2. Affidavits were filed and argument had and cause submitted April 6. Upon this hearing, all the local unions

and their officers except the painters were exonerated from participation in the alleged illegal conspiracy. The remaining inquiry is whether plaintiff is now entitled to a preliminary injunction against the Fuller Company and Local Unions Nos. 867, 765, and 639, of the Brotherhood of Painters, Decorators, and Paper Hangers of America and their officers personally made defendants. Upon the merits of the controversy, this case is not distinguishable from Central Metal Products Corporation v. O'Brien, in which opinions were filed by me—one on the application for preliminary injunction, reported 278 F. 827, and one on final hearing, not reported, filed June 20, 1923, affirmed on appeal see 5 F. (2d) 389. The law as therein stated is approved and need not be reiterated.

[1-4] Briefly, plaintiff's contract with the George A. Fuller Company is plaintiff's property. In law it is entitled to protection on the same basis and under the same rules as is one's dwelling house. In law, the officers of said three local unions and the George A. Fuller Company have no more right to conspire or agree to deprive plaintiff of its property in that contract than they would have to conspire and agree to deprive plaintiff of its office building. It is immaterial that the George A. Fuller Company joined said conspiracy unwillingly and with a view to protect itself from loss on its contract or with other subcontractors. In law, said local unions, their officers and members, have no right to coerce the George A. Fuller Company to join their conspiracy under threat of withdrawing their members from working for other subcontractors on said building or other buildings on which the George A. Fuller Company and other subcontractors were engaged. In law, complainant has the full right to employ any competent workmen, whether members of the defendants' local unions or other unions or no unions, to perform the work of painting or finishing down its elevator and swing doors and metal trim. In law, said local unions and their members had the right to procure this work from the plaintiff by the same methods as other workers not members of their union would have a right to procure it. It is true that they have the right to combine and act through agents selected by themselves to apply for said work and bargain collectively as to the terms upon which it is to be done, but the combined right is, in law, no greater than the right of a single worker.

[5] Section 132 of the constitution of the

Brotherhood of Painters, Decorators and Paper Hangers of America, set forth in the affidavits and any custom or practice of building contractors in Cleveland or elsewhere, of dealing with defendant local unions in accordance therewith, furnishes no justification in law for defendants' coercion of the George A. Fuller Company to break its contract with plaintiff, nor any justification in law to the George A. Fuller Company for so doing. The demand of the defendant local unions and of the George A. Fuller Company that plaintiff comply therewith is, in law, a demand that plaintiff give up its property. See two opinions above referred to in Central Metal Products Corporation v. O'Brien, and cases therein cited.

[6, 7] These views, however, do not determine whether plaintiff is now entitled to a preliminary injunction. It is the rule that care and caution must be exercised in granting injunctions. The function of an injunction is not to restore a party to rights of which he has been deprived; it is to afford preventive relief, not to redress wrongs which have already been committed. An injunction will not be used to take property out of the possession of one party and put it into another. Lacassagne v. Chapuis, 144 U. S. 119, 124, 12 S. Ct. 659, 36 L. Ed. 368; 32 Cor. Jur. p. 45, § 24.

[8] Plaintiff has substantially completed its contract. Nothing appears to indicate that its full performance will be interfered with, except in one particular. Its contract requires plaintiff to finish down the doors and metal trim, and this work, plaintiff asserts, can be performed satisfactorily only after all the building trades have finished their several tasks. It was plaintiff's intention to do this work with the same union carpenters employed to install this work, although plaintiff asserts it is of such a nature that it may be done by janitors and scrubwomen. The reasonable cost of doing this work by union carpenters or by scrubwomen, is not stated. The bill alleges, and plaintiff's affidavits show, that officers of defendant local unions, as early as January 20, demanded that this finishing down work should be allotted to members of said local unions; that said workmen should put on a coat of varnish and rub or finish down the doors and metal trim in place. The coat of varnish, the affidavits show, is unnecessary and a pure waste. The demand included a total wage expenditure of $3,800. Complainant refused to comply. On January 20, the George A. Fuller Company insisted that the plain-

tiff comply. This insistence was repeated and refused from time to time until February 25. On this date the George A. Fuller Company advised by letter that it had decided to take the cleaning down out of plaintiff's contract and do the work itself. Plaintiff's affidavits show that the Fuller Company acted in accordance with this notice and made an agreement with the W. P. Nelson Company, not a defendant, and the agents of said local unions, that this work should be done by the Nelson Company, and that it would employ members of said local unions, and that at the time the bill was filed, this work of finishing or cleaning down was in progress under that arrangement.

Upon this showing, a preliminary injunction is not the proper remedy. As general contractor, the George A. Fuller Company has possession of the building, and is and was in position to execute its threat to exclude plaintiff from doing this work. It appears that it has executed that threat, and that it has tied itself up with a third party, the W. P. Nelson Company, and on March 25, when the bill and affidavits were filed, this work was in progress. Since the function of an injunction is to afford preventive relief, not to redress wrongs already committed; or, as otherwise stated, since its function is not to afford a remedy for what is past, but to prevent future mischief, not to punish or compel persons to do right, but to prevent them from doing wrong, it would violate its true function if I were now to grant a preliminary injunction. It would not only be an attempt to redress a past wrong, but could only be complied with by compelling a breach of a contract with a third party not a defendant.

[9] No reason is perceived why plaintiff's remedy at law is not adequate. No deviation is implied from the rule as stated in Central Metal Products Corporation v. O'Brien, supra, 832, that damage to a plaintiff's business, good will, and trade is not susceptible of adequate redress in an action at law for damages, and in all proper cases this feature alone will justify a resort to injunctive relief. In this case, however, the only asserted injury is that, unless the finishing down is well done, the work will not present a good appearance, and may injure plaintiff's trade reputation, and that, permitting the George A. Fuller Company and said local unions to get away with the fruits of their illegal conduct may render other contractors less willing in the future to enter into contracts with plaintiff. These considera-

tions are not without weight. I concur in the law as stated in Lehigh Structural Steel Co. et al. v. Atlantic Smelting & Refining Works et al., 92 N. J. Eq. 131, 111 A. 376; Aberthaw Const. Co. v. Cameron, 194 Mass. 209, 80 N. E. 478, 120 Am. St. Rep. 542. I do not deem them adequate under the present circumstances to warrant an injunction. Plaintiff's right at law to recover in one suit upon its contract for entire compensation must be regarded as legally adequate.

Plaintiff's present application for a preliminary injunction will be denied.