On the 23d day of August, 1927, it was ordered that the complainant have a writ of execution for the amount found *Page 519 
due to him on a decree theretofore entered in this court. By virtue of said execution and of a writ of sequestration, the sheriff took the sum of $413.07. Application is now made for an order directing the sheriff to pay over the same to the complainant.
Objection is made to said order, because an appeal has been taken from said decree.
The effect of filing that appeal, as is pointed out in the decision of the court of errors and appeals in PennsylvaniaRailroad Co. v. National Docks Railway Co., 54 N.J. Eq. 647,
was to prevent the order from being so dealt with subsequently by the court of chancery as to destroy or impair the subject of the appeal. Roseberg v. American Hotel and Garden Co. et al.,95 N.J. Eq. 640.
Manifestly, the "subject of the appeal" is the decree of the court, and the property of the defendant, which would be subject to the decree.
In Robinson v. Robinson, 86 N.J. Eq. 166, the chancellor said: "In Pennsylvania Railroad Co. v. National Docks RailwayCo., 54 N.J. Eq. 647, it was held that —
"The effect of filing an appeal to this court is to prevent the decree in the court of chancery from destroying or impairing the subject of the appeal, or being in any degree used for that purpose."
It will be seen at a glance that Ashby v. Yetter is not out of harmony with this doctrine of the National Docks Case. The orders made by this court in the two cases of Lawton v.Beddell and Gorman v. Hinkle, copied into the vice-chancellor's opinion in Ashby v. Yetter, were orders permitting the decree in chancery in each case to be enforced pending appeal, for the protection and preservation of the subject of the appeal, but not permitting the avails of the litigation, or any part thereof, to be turned over to the party who held the decree.
Now, as the payment of permanent alimony is the subject of the decree of the court below in this case, every installment of that alimony paid by the husband to the wife would be in execution of the decree pro tanto, the result being that any *Page 520 
such payment, pending appeal, would be an impairment of the subject of the appeal to that extent or degree, and also an invasion of defendant-appellant's right to have his property preserved and not diminished during the contest in this court.
The order to show cause will be dismissed.