Carlos Torres Bonet, Plaintiff and Appellant, *v.* Delia Asencio and Domingo Falagán, etc., Defendants and Appellees.

No. 9507. Argued November 3, 1947.—Decided February 20, 1948..

*Enrique Báez García* for appellant. *José Sabater* for appellees..

Mr. Justice Todd, Jr., delivered the opinion of the Court.

In a petition for injunction filed in the District Court of Mayagüez by Carlos Torres Bonet against Delia Asencio and Domingo Falagán, in his capacity as attorney-in-fact of Pablo Falagán González, the prayer was to order said attorney-in-fact to restrain from recognizing defendant Delia

Asencio as lessee of a premise described in the complaint, and "from issuing receipts in the name of Delia Asencio but instead to issue them in the name of Carlos Torres Bonet and to order Delia Asencio, the codefendant, to restrain from removing the equipment or establishing in the premises occupied by the business any other business different from that to which the establishment 'El Nilo' is devoted." In the complaint it is alleged, briefly, that plaintiff purchased the equipment of a business called "El Nilo" and that the vendor leased him the premises where she had the business. It was further alleged that Mr. Falagán, attorney-in-fact of the owner of the property, was aware of this assignment and that plaintiff intended to retain the lease of the premises but that notwithstanding this, Mr. Falagán leased it to Delia Asencio and that the latter had closed the business to the public and intended to remove the equipment from the premises in order to establish therein a different business.[1] Besides the permanent injunction he sought a restraining order and an injunction *pendente lite*.

The defendants answered the complaint and filed a motion seeking its dismissal for insufficiency. After a hearing the district court granted said motion and decided that, "the petition for injunction, such as it reads, does not contain sufficient facts to issue the injunction *pendente lite* sought by plaintiff and consequently the petition is denied." Feeling aggrieved, the plaintiff appealed and alleges that the lower court erred in denying his petition.

From the averments of the complaint it merely appears that the plaintiff acquired by purchase the business and equipment of the establishment "El Nilo", but there is no allegation whatsoever tending to show that as to the lease of the premises the attorney-in-fact of the owner had made any agreement whatsoever with him. The only allega-

---

[1] As we said, this is a summary of the complaint for it contains a long history of the different leases and subleases made of the premises.

tion made is that plaintiff told him "of his purpose to retain the premises leased" and that the latter told him "that he had no objection in letting him continue in the premises." But from the other allegations of the complaint it appears that plaintiff never occupied or was in possession of the premises. The complaint shows that there was a conflict as to plaintiff's alleged right to lease the premises and an injunction is not the proper remedy to decide this conflict since the plaintiff was never in possession of the property.

As we held in *Bianchi* v. *Bianchi*, 41 P.R.R. 793, copying from the syllabus: "As a general rule an injunction will not issue to transfer the possession of land, but there are certain well recognized exceptions" and the instant case does not fall within the exceptions that refer to cases where, by the nature of the wrong done, the damages caused would be irreparable and the recovery of compensation would be an inadequate remedy. Neither does this case present a situation where a lessor attempts to interfere illegally with the possession of his lessee. Cf. *Ross* v. *Overton*, 226 Pac. 162; *Roseberg* v. *American Hotel & Garden Co.*, 123 Atl. 717; *Sullivan* v. *Vorenberg*, 135 N. E. 165.

In *Lacassagne* v. *Chapuis*, 144 U. S. 119, 124 we find the rule which we consider applicable, thus:

"The plaintiff was out of possession when he instituted this suit; and by the prayer of this bill he attempts to regain possession by means of the injunction asked for. In other words, the effort is to restore the plaintiff, by injunction, to rights of which he had been deprived. The function of an injunction is to afford preventive relief, not to redress alleged wrongs which have been committed already. An injunction will not be used to take property out of the possession of one party and put it into that of another."

Of course, this is not the case of an interdict to recover the possession which is governed by a special law, but a petition for a classic injunction wherein plaintiff had to allege a title or interest in the right or ownership which he

wanted protected. The complaint merely discloses a right of ownership to the equipment of the establishment "El Nilo" and his allegation that the owner also sold him said business. However, this lady (the owner) is not a party to this action and as to whether or not she is responsible for not having put plaintiff in possession of the business is not a question that may be determined in this action against defendants herein. On the other hand, if Falagán has caused injury to the plaintiff in leasing the premises to co-defendant Delia Asencio or if the latter has caused damages by closing "El Nilo" and establishing another business in the premises, such damages are not of an irreparable nature and plaintiff may recover compensation therefor, if he is entitled to them, in the proper action.

In our judgment, the lower court did not err in denying the injunction *pendente lite*. It should be noted that the lower court stated in its order that the complaint "as it reads" was not sufficient to issue the injunction and notwithstanding this the plaintiff did not ask leave to amend it. Possibly his appeal shows that he was unable to do so.

Judgment is affirmed.