CARLOS TORRES BONET, demandante y apelante, *v.* DELIA ASENCIO y DOMINGO FALAGÁN, en su carácter de apoderado de PABLO FALAGÁN GONZÁLEZ, demandados y apelados.

Núm. 9507.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Febrero 20, 1948.

*Enrique Báez García,* abogado del apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En la demanda de *injunction* radicada en la Corte de Distrito de Mayagüez por Carlos Torres Bonet contra Delia Asencio y Domingo Falagán, en su carácter de apoderado de Pablo Falagán González, se solicitó que se ordenara a dicho apoderado que se abstuviera de reconocer a la demandada Delia Asencio como arrendataria de un local que se

describe en la demanda, y "de expedir los recibos a nombre de Delia Asencio, haciéndolo en su lugar a nombre de Carlos Torres Bonet y ordenando a la codemandada Delia Asencio que se abstenga de desmontar el mobiliario o establecer en el local que ocupa negocio alguno distinto del negocio a que se dedica el establecimiento 'El Nilo'." En la demanda se alega, en síntesis, que el demandante compró el mobiliario de un negocio denominado "El Nilo" y que la vendedora le cedió el arrendamiento del local donde estaba establecido. Se alegó, además, que el Sr. Falagán, apoderado del dueño del inmueble, tenía conocimiento de dicha cesión y de que el demandante se proponía conservar el local en arrendamiento, y eso no obstante, el Sr. Falagán arrendó el local a la codemandada Delia Asencio y que ésta había cerrado al público el establecimiento y se proponía sacar dicho mobiliario del local para establecer en él un negocio distinto.(1) Además del injunction permanente se solicitó una orden de entredicho y un injunction *pendente lite*.

Los demandados al contestar la demanda también radicaron moción solicitando su desestimación por no alegar hechos suficientes constitutivos de causa de acción y, celebrada una vista, la corte inferior declaró con lugar dicha moción y resolvió que "no existen méritos suficientes en la demanda de injunction presentada, tal como está redactada, para expedir el injunction *pendente lite* que solicita el demandante, y en consecuencia deniega dicha solicitud". No conforme, el demandante apeló y alega en este recurso que la corte inferior erró al denegar su petición.

De las alegaciones de la demanda lo único que se desprende es que el demandante adquirió por compra el negocio y los muebles del establecimiento "El Nilo", pero no hay alegación alguna que tienda a demostrar que, en cuanto al arrendamiento del local, el apoderado del dueño hubiera

---

(1) Como hemos dicho, ésta es una síntesis de la demanda, pues en ella se hace un largo historial de los distintos arrendamientos y subarrendamientos de que fuera objeto el local.

hecho convenio alguno con él. La única alegación que se hace es que el demandante le comunicó "el propósito de conservar el local en arrendamiento" y que éste le manifestó "que no había inconveniente en que continuaran ocupando el local". Pero es que de las demás alegaciones de la demanda aparece que el demandante en ningún momento ocupó o estuvo en posesión del local. Surge de la demanda que hay un conflicto en cuanto al pretenso derecho de arrendamiento del local por el demandante y no es el injunction el remedio para resolver dicho conflicto, no habiendo estado nunca el demandante en posesión del inmueble.

Como resolvimos en *Bianchi* v. *Bianchi,* 41 D.P.R. 799, copiando del sumario: "Por regla general, el *injunction* no procede para transferir la posesión de terrenos salvo ciertas excepciones bien consagradas", y el de autos no cae dentro de las excepciones que se refieren a casos en que por la naturaleza de la transgresión el daño causado será irreparable y el recobrar una indemnización resultaría un remedio inadecuado. Tampoco presenta este caso una situación en que un arrendador trata de intervenir ilegalmente con la posesión de su arrendatario. *Cf. Ross* v. *Overton,* 226 Pac. 162; *Roseberg* v. *American Hotel & Garden Co.,* 123 Atl. 717; *Sullivan* v. *Vorenberg,* 135 N. E. 165.

En el caso de *Lacassagne* v. *Chapuis,* 144 U. S. 119, 124, se expone la regla que consideramos aplicable, en esta forma:

"El demandante no estaba en posesión cuando entabló este pleito y en la súplica de la petición trata de obtener posesión de nuevo a virtud del injunction que solicita. En otras palabras, el esfuerzo es restaurar al demandante, por medio de injunction, derechos de los cuales había sido privado. La función de un injunction es conceder remedio preventivo, no remediar alegados daños que ya han sido cometidos. El injunction no se utilizará para coger propiedad en posesión de una parte y ponerla en posesión de otra."

Desde luego que no se trata en el de autos de un caso de interdicto para recobrar la posesión, que se rige por una ley

especial, sino de una petición de injunction clásico en el cual el demandante tenía que alegar un título o interés en el derecho o propiedad que deseaba·le fuera protegido. De la demanda sólo surge un derecho de propiedad sobre los muebles del establecimiento ''El Nilo'', y su alegación de que la dueña le vendió también dicho negocio. Empero, dicha señora no es parte en esta acción y en tanto en cuanto ella pueda ser responsable por no haber puesto al demandante en posesión del negocio, no es cuestión que pueda resolverse en esta acción contra los aquí demandados. Por otra parte, si el codemandado Falagán ha causado daños al demandante al arrendar el local a la codemandada Delia Asencio o ésta le ha ocasionado daños al cerrar ''El Nilo'' y al establecer otro negocio en el local, daños son éstos que no tienen el carácter de irreparables y de los cuales puede resarcirse el demandante, si a ellos tiene derecho, en la acción correspondiente.

No erró a nuestro juicio la corte inferior al denegar el injunction pendente lite. Es de notarse que la corte inferior hizo constar en su resolución que la demanda ''tal como está redactada'' no era suficiente para expedir el injunction y eso no obstante el demandante no solicitó permiso para enmendarla. Posiblemente su apelación demuestra que no podía hacerlo.

*Debe confirmarse la resolución apelada.*