**WOODS, Housing Expediter, v. BLAKE et al.**
**No. C-11401.**

United States District Court
D. New Jersey.
June 20, 1949.

Sylvan D. Freeman, New York City (Samuel Hodes, New York City, of counsel), for plaintiff.

John A. Waldron, Trenton, N. J., for defendants.

FORMAN, District Judge.

This is an action brought by the plaintiff against the defendants wherein the relief sought is an injunction against the defendants from future violations of the Housing and Rent Act of 1947, § 1 et seq., 50 U.S.C.A.Appendix, § 1881 et seq., as amended, and directing the defendants to make restitution of rent overcharges allegedly collected by them. In addition, jurisdiction is invoked by virtue of §§ 1(b), 205(a), 205(c) and 205(e) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A. Appendix, § 901 et seq. The defendants demanded trial by jury and the plaintiff moved to strike the said demand and have the cause placed upon the non-jury calendar for trial.

It is the contention of the plaintiff that since the relief sought is equitable there exists no right to trial by jury. On the other hand, the defendants urge that the right of trial by jury is attached to issues of fact, not to suits of a certain character, and that an eradication of distinctions between the character of suits as legal and equitable has no effect in determining whether the issue should be tried with or without a jury.

Modern distinctions between the right to trial by jury in actions at law or in equity were resolved in the case of Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 137 F.2d 62, 65, wherein the court said:

"Although under the Federal Rules of Civil procedure claims and defenses formerly cognizable either at law or equity have been merged into one action, a civil action, the rules have neither enlarged nor diminished the right to either a jury or court trial. Basic issues formerly triable as of right by a jury are still triable by a jury as a matter of right."

The defendants contend that "there exists a right to trial by jury as of right when the issue is one of legal damages and the injunctive relief is incidental" and that "the recovery of money damages in the instant case does not depend in any way on the prior showing of cause for injunctive relief."

This contention is not based on fact. Plaintiff does not seek damages in this suit.

He seeks to enjoin defendants from continuing to exact payments in violation of the existing housing regulations and to restore such payments as they have illegally acquired.

In Porter v. Warner Co., 328 U.S. 395, 399, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332, the Supreme Court held that the recovery and restitution of illegal rents "may be considered as an equitable adjunct to an injunction decree. Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief. To be sure, such a recovery could not be obtained through an independent suit in equity if an adequate legal remedy were available. White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578; Lacassagne v. Chapuis, 144 U.S. 119, 12 S.Ct. 659, 36 L.Ed. 368. But where, as here, the equitable jurisdiction of the court has properly been invoked for injunctive purposes, the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law. Alexander v. Hillman, 296 U.S. 222, 241, 242, 56 S.Ct. 204, 210, 211, 80 L.Ed. 192."

The Court further stated:

"Restitution, which lies within that equitable jurisdiction, is consistent with and differs greatly from the damages and penalties which may be awarded under § 205(e). Bowles v. Skaggs, supra, 6 Cir., 151 F.2d 821. When the Administrator seeks restitution under § 205(a), he does not request the court to award statutory damages to the purchaser or tenant or to pay to such person part of the penalties which go to the United States Treasury in a suit by the Administrator under § 205(e). Rather he asks the court to act in the public interest by restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant. Such action is within the recognized power and within the highest tradition of a court of equity. Thus it is plainly unaffected by the provisions of § 205(e)." 328 U.S. at page 402, 66 S.Ct. at page 1091.

The relief sought herein is an injunction against present and future violations of the housing regulations and restitution of alleged overcharges. The cause of action and relief sought being equitable, Porter v. Warner Co., supra, 328 U.S. pp. 398, 399, 66 S.Ct. 1089; Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, no right to trial by jury exists, City of Morgantown, W.Va. v. Royal Ins. Co., 4 Cir., 169 F.2d 713, and the motion to remove the cause from the jury calendar will be granted.