**UTHES v. BROWNELL, Atty. Gen.**
**Civ. A. No. 615–53.**

United States District Court
D. New Jersey.

Jan. 7, 1954.

Edward Stover, Hoboken, N. J., for plaintiff.

William F. Tompkins, U. S. Atty., Newark, N. J., by Herman Scott, Asst. U. S. Atty., Passaic, N. J., for defendant.

MODARELLI, District Judge.

Plaintiff, resident of the United States, is suing the Attorney General of the United States for recovery of property vested under the Trading with the Enemy Act, as amended, 50 U.S.C.A. Appendix § 1–40, hereinafter referred to as the Act. She has demanded a trial by jury. Defendant moves to strike this request.

The Alien Property Custodian on October 14, 1946, having ruled that

plaintiff was a "national of a designated enemy country, Germany" within the meaning of the Act, issued a vesting order that all of plaintiff's interest in the estate of her deceased husband being administered in the Hudson County, New Jersey, Orphans' Court, vest in the Alien Property Custodian for the benefit of the United States. There was turned over to the Custodian the sum of $9,335.65.

▇ It is well-settled law that a suit against the Attorney General as Alien Property Custodian is a suit against the United States. Cummings v. Deutsche Bank, 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545; Banco Mexicano de Commercio e Industria v. Deutsche Bank, 1924, 263 U.S. 591, 44 S.Ct. 209, 68 L.Ed. 465; Pflueger v. U. S., 1941, 73 App.D.C. 364, 121 F.2d 732, certiorari denied, 1941, 314 U.S. 617, 62 S.Ct. 98, 86 L.Ed. 497. It is equally well-settled law that the Government cannot be sued except with its consent. "It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. * * * If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the government to the exercise of the privilege." McElrath v. U. S., 1880, 102 U.S. 426, 26 L.Ed. 189.

Section 7(c) of the Act provides:

"The sole relief and remedy of any person having any claim to any money or other property heretofore or hereafter * * * paid over to the Alien Property Custodian, or required so to be, or seized by him shall be that provided by the terms of this Act * * *."

Section 9(a) of the Act sets forth the administrative procedure to be followed by claimants seeking the return of property transferred to the Custodian; the section further provides:

"* * * claimant may institute a suit *in equity* in * * * the district court of the United States for the district in which such claimant resides, * * *." (Emphasis supplied.)

▇ Plaintiff argues that the motion to strike should be denied on the ground that the case "mainly depends on the facts, * * *. These are eminently fact questions. Legally and certainly morally, it is the province of a Jury to decide these questions." This contention is without merit, since 99.44% of cases involve fact questions.

This case is "one to enforce a monetary claim against the United States" and Congress has explicitly provided that "claimant may institute a suit in equity."

Galloway v. U. S., 1943, 319 U.S. 372, 388–389, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458, was an action under the War Risk Insurance Act, 38 U.S.C.A. §§ 287, 357, 502, 575, wherein the issue was whether or not a directed verdict violated the Seventh Amendment; the court said:

"* * * the Amendment has no application of its own force to this case. The suit is one to enforce a monetary claim against the United States. It hardly can be maintained that under the common law in 1791 jury trial was a matter of right for persons asserting claims against the sovereign. [In a footnote the court said: "Neither the Amendment's terms, nor its history suggest it was intended to extend to such claims."] Whatever force the Amendment has therefore is derived because Congress in the legislation cited, [World War Veterans' Relief Actions on claims under the War Risk Insurance Act] has made it applicable."

Two decisions by Judge Smith of this District hold that there is no right to a jury trial where the complaint states a cause of action, which under the common law, was cognizable only in a court of equity and the prayer for relief was peculiar to equity jurisdiction. Berman v. Automobile Ins. Co., D.C., 2 F.R.D. 94; Fitzpatrick v. Sun Life Assurance Co. of Canada, D.C., 1 F.R.D. 713. In

this case, plaintiff's prayer is for equitable relief—restitution—that the money turned over to the Attorney General be returned to her.

Plaintiff cites cases involving actions for damages under the Housing and Rent Act of 1947 as further authority that she is entitled to a jury. A careful analysis of those cases will show that she is again mistaken. In Orenstein v. U. S., 1 Cir., 191 F.2d 184, 189, 190, the court said:

> " * * * A tenant's action under § 205 of the Housing and Rent Act of 1947, seeking recovery of liquidated damages by way of compensation for the injury suffered by him individually, would, under the common law forms of action, have been enforced by an action on the case; and therefore the defendant in such a complaint would be entitled to a jury trial. * * *

> " * * * Since the cause of action under § 206(b) for injunction and restitution is equitable in nature, the court in disposing of that claim is entitled to make findings of fact on the issues of violation and the amount of the overcharges without participation by a jury. * * * "

To the same effect: Porter, Price Administrator v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Tanimura v. U. S., 9 Cir., 195 F.2d 329; Leimer v. Woods, Housing Expediter, 8 Cir., 196 F.2d 828; McCoy v. Woods, Housing Expediter, 4 Cir., 177 F.2d 354; United States v. Nasif, D.C., 103 F.Supp. 401; United States v. Friedland, D.C., 94 F.Supp. 721; United States v. Jepson, D.C., 90 F.Supp. 983; United States v. Hart, D.C., 86 F.Supp. 787; Woods, Housing Expediter v. Blake, D.C., 84 F.Supp. 570; United States v. Mesna, D.C., 11 F.R.D. 86.

In the case at bar, plaintiff claims the return by the Attorney General of the money delivered to the Alien Property Custodian by the administrator of the estate of her deceased husband. Such a claim obviously is equi-

table in nature and is substantially similar to the restitution remedy, which the courts in the cases discussed above have held to be an equitable remedy.

In view of the above, defendant's motion is granted.

An order may be submitted in conformity with the opinion herein expressed.