HOWELL et al. v. McNEIL & HIGGINS CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1923.)

No. 3149.

1. Sales ⬅52(5)—Evidence held to show acceptance of order.

In sellers' action to recover for sugar sold, evidence that sellers retained broker's notes, accepted shipping orders, shipped eight cars of sugar, and was paid by buyer for these cars, arranged for the adjustment of the claim for loss of one car for buyer's benefit, and dealt with buyer in regard to a requested delay in shipment, and other evidence, held to show that sellers accepted the order.

**2. Trial ⬨169—Defective complaint, amendable after verdict, not ground for directed verdict.**

> A *contention that a directed verdict for defendant in an action for breach of contract resulting in unliquidated damages was proper, since the declaration charged that defendant, because of defendant's alleged nonperformance, was "indebted" to plaintiff, instead of charging that plaintiff was "damaged" by such nonperformance, held without merit, as the infirmity, if such, could be cured, before or after the verdict, by an amendment conforming the pleadings to the proof.*

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Frederick H. Howell and others, doing business under the firm name of B. H. Howell Son & Co., against McNeil & Higgins Company. Judgment of dismissal, and plaintiffs bring error. Reversed and remanded for new trial.

Keiser-Hogle Company, a sugar broker, received from the defendant two memoranda, dated July 9 and July 13, 1920, for 1,000 and 700 barrels "assorted sugar," respectively. Otherwise the memoranda are of identical tenor:

"Original.                                        No. 834<br>"July 9, 1920.

"Bought from B. H. Howell  Son & Co.
"NcNeil & Higgins Co., 301 E. Grand Ave., Chicago, Ill.

"G 13193.

"Terms:  30 days, or less 2% cash, 7 days.
"1000 bbls. assorted sugars @ basis fine granulated of 22.00 f. o. b. N. Y.
"Delivery of this contract to be taken within —— days from date of same.  Freight to be prepaid, adding our ruling freight basis the day of shipment.  Option of routing is reserved by sellers.  This purchase to be invoiced and paid for at contract price.  No allowance will be made for declines in the market.  All contracts and agreements contingent upon strikes, accidents, fire or other delays beyond seller's control.  * * *
"This contract is hereby accepted.
"McNeil & Higgins Co.,
"[Buyer's signature.]
"J. L. McN.                                   Mail to Keiser-Hogle Co., Broker.
                                               "326 W. Madison."

On July 13, 1920, the broker received from the defendant "direct shipment orders" containing specification of assortment of sugars, all of which were transmitted to the plaintiffs, by them stamped "O. K.," and returned to the broker.  The aggregate thus specified equaled the quantity covered by the memoranda, and each specification summarized the quantity therein in terms of 170 or 171 barrels—a carload basis—ten carloads.

Within a month, defendant, by letter referring to "the contract covering sugar sold us on July 9th," requested plaintiffs to delay shipment of any sugar "on this contract" until after the 1st of September, and made personal appeals to the broker, who communicated them to plaintiffs, for like delay. The plaintiffs claimed that, responsively to these appeals, the car in controversy in this suit was recalled after shipment began.  Limited demand, accumulating stocks, and unusual conditions, were assigned as ground for the requested indulgence.

Early in August, 1920, plaintiffs began shipment of sugar in carload lots, and, except one car lost in transit, and another, the latter the subject of controversy herein, all were shipped to the defendant, who received and paid for them, on the basis of the broker's memoranda executed as noted.  The car lost in transit was credited to the defendant upon settlement by the carrier.  In the declaration in this suit, plaintiffs charged defendant with repudiation of the contract and refusal to accept one car, which was thereupon resold at a loss—the damages sought to be recovered.

---

⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The foregoing, respecting transactions by either of the parties with each other or with the broker, establishing, or tending to establish, contractual relations, is without controversy, and appears in the record to have been received without objection—an objection to the broker's memoranda on the ground of "uncertainty" being the only one offered.

At the close of the testimony defendant moved for a directed verdict because: (1) There was no acceptance of offer, and therefore no contract. (2) There was no count in the declaration sufficient to sustain a verdict upon an executory contract. (3) There was no suggestion in the pleadings of any excuse for delay, and it should have been pleaded if sought to be relied upon. (4) The requested delay was only until September 1st, and no excuse for nonperformance by the plaintiffs until March following was shown.

The motion was granted, and this writ of error seeks review of the judgment of dismissal thereupon entered.

Francis M. Lowes, of Chicago, Ill., for plaintiffs in error.

Charles Hudson, of Chicago, Ill., for defendant in error.

Before BAKER and EVANS, Circuit Judges, and GEIGER, District Judge.

GEIGER, District Judge (after stating the facts as above). Upon oral argument it was conceded that the question whether ten or only nine cars were actually shipped and received could not be withdrawn from the jury, and whether plaintiffs unreasonably delayed shipment of the one car in question—if that question is in the case—appears on the record obviously not resolvable as a matter of law, against the plaintiffs; hence there remain two contentions:

[1] First—Acceptance of the contracts by plaintiffs.

Counsel for defendant makes no claim that acceptance in writing to comply with the statute of frauds is essential, but urges that, as Keiser-Hogle Company was merely a broker without authority to accept for and bind plaintiffs to the contracts, some proof, verbal or written, of acceptance by the latter, is essential. Assuming that it suffices to show acceptance without formal words, response to defendant's demands is found in the record: (1) In plaintiffs' receipt and retention of the broker's notes. (2) In their acceptance of shipping orders. (3) In shipping eight cars and receiving payment therefor from the defendant, all expressly upon the contracts. (4) In arranging for and carrying out adjustment of claim for loss of one car for the benefit of the defendant. (5) In dealing with defendant directly, or indirectly through the broker (on defendant's initiative), for delay or indulgence in making shipments.

This conduct, and the oral and documentary proofs evidencing it, establish conclusively, in our judgment, acceptance of the contracts. Clearly, upon these facts, plaintiffs could not contend nonacceptance, or that the obligations of the contracts had been accepted with a reservation, optionally to perform in part only by segregating shipments as separate contracts, and the defendant, after receiving partial performance, cannot be heard to urge no acceptance to relieve against its own default.

[2] Secondly—Sufficiency of the declaration.

It set out in detail the facts, viz.: The execution of the contracts, their partial performance, the defendant's repudiation and refusal to

accept 171 barrels, and plaintiffs' loss, measured by the decline in the market. It is urged that, because this count further avers that "*by means whereof*" (*i. e.,* defendant's failure, etc.) "the said defendant became and was and still is *indebted* to the plaintiff," the declaration is not sufficient to sustain a recovery as upon breach of an executory contract, for unliquidated damages. Whether this shall be interpreted as a "common" or a "special" count impresses us as wholly without substance. The facts, as noted, and their averment in the declaration, sufficed to disclose, plainly, a cause of action for damages upon breach of an executory contract, of sale; the proofs had been offered and received on the trial without objection to their pertinency to establish that sort of a cause of action. Hence, even tenable criticism of the declaration, in that it charged "damage" to be "indebtedness," could and should have been met, with or without request, before or after verdict, by amendment conforming pleading to proofs.

The judgment is reversed, and the cause is remanded for a new trial.