## McNEIL & HIGGINS CO. v. HOWELL et al.

(Circuit Court of Appeals, Seventh Circuit, December 8, 1925. Rehearing Denied March 10, 1926.)

### No. 3534.

1. **Appeal and error 1064(1)—Erroneous instruction that breach of contract to purchase sugar occurred on particular date held not prejudicial, in view of evidence that, during all times in controversy price of sugar never exceeded price on that date, which evidence on motion of plaintiff in error was erroneously stricken.**

Error in court's instruction that breach of contract to purchase sugar occurred on a particular date, whereas there was considerable evidence that it occurred on earlier date, held harmless, in view of evidence admitted and later stricken out on defendant's own motion to effect that at none of times involved was market price for sugar greater than price realized in open market immediately after date of breach of contract fixed in instruction.

2. **Appeal and error 882(11)—Party may not complain of lack of evidence stricken out on his own motion.**

A party cannot be heard to complain of lack of evidence stricken out on its own motion by trial court.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Frederick H. Howell and others, doing business as B. H. Howell Sons &

Co., against the McNeil & Higgins Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Charles Hudson, of Chicago, Ill., for plaintiff in error.

Albert Fink, of Chicago, Ill., for defendants in error.

Before ALSCHULER and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiffs in the District Court, defendants in error here, recovered a judgment against defendant there for breach of contracts for the purchase of sugar. The contracts and other facts are set forth in same case in this court (285 F. 873), wherein there was reversal and remandment for new trial.

[1] That one car of the contracted sugar remained undelivered is scarcely to be doubted upon this record, and the asserted error of the court in its charge on that subject is without merit. It is likewise plain that it was the McNeil & Higgins Company, the defendant, who broke the contract by refusing to accept this car. The evidence bore largely on the question of the time of the breach. The only written evidence of defendant's breach is found in its letter of March 8, 1921, in substance asserting its right to refuse acceptance of the car. Considerable evidence was offered for defendant to the effect that twice in the previous December, and again in January, the defendant definitely stated to plaintiffs that the sugar in question would not be accepted, and the main question made by the record is upon the court's charge to the jury that the breach occurred on March 8.

In the indicated state of the evidence thereon, it would seem that the charge upon this subject was erroneous, in that there was evidence tending to fix an earlier date as the time of breach, and, but for other conditions disclosed by the record, the judgment should be reversed. It appears that, after all the evidence on that subject had been adduced, the plaintiffs offered in rebuttal evidence to show that, at none of the prior times fixed by witnesses as date of the breach, was the market price of sugar in excess of 8 cents—the price realized in open market immediately after the March 8 letter. Objection to the evidence was made by counsel for defendant, and plaintiffs' counsel, in explanation of the purpose for offering the evidence said:

"Mr. McGlasson (defendant's manager) has stated certain things from which some hazy inference might be drawn, that it might be claimed the repudiation occurred in December, and our position is, if anybody could arrive at any such conclusion as that, notwithstanding the letter of March 8 introduced in evidence, we want to show the price of sugar was just the same."

The witness answered that the price during all such time was not over 8 cents (the contract price was 22 cents). Defendant's counsel thereupon moved to strike out this evidence, which motion the court granted, and charged the jury to disregard it.

This evidence was not less competent than that of breach occurring at any time prior to March 8. It was competent to show the market price on any day whereon there was evidence of breach earlier than March 8. Had this evidence remained and been uncontradicted, it would plainly have shown that, whether defendant's breach occurred on March 8 or any one of the previous dates referred to in the evidence, the recoverable amount would have been not less, as the market price at none of these times was higher than it was on March 8. Under such state of facts no possible harm would have accrued to defendant through the charge that the breach was on March 8, and the error in so charging the jury, being harmless, it could not have affected the judgment.

[2] It was on defendant's motion that the evidence was stricken, and defendant cannot be heard to complain of error which, at its instance and inducement, the court committed. It cannot cause the evidence to be stricken, and then be heard to complain because of a lack of such evidence. In this state of the record it may be fairly inferred that at none of the times in question did the price exceed 8 cents, and that therefore the defendant was in no manner harmed by the erroneous charge fixing March 8 as the date of the breach.

We do not deem assignments which we have not discussed of sufficient moment to warrant special comment.

The judgment is affirmed.