**McCOY et al. v. WOODS, Housing Expediter.**

No. 5910.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1949.

Decided Oct. 6, 1949.

See also 177 F.2d 355.

James E. Rector, Asheville, N. C., on brief for appellants.

Ed Dupree, General Counsel, Office of the Housing Expediter, Washington, D. C. (Hugo V. Prucha, Assistant General Counsel, Office of the Housing Expediter, Washington, D. C. and Benjamin Freidson, Special Litigation Attorney, Office of the

Housing Expediter, Washington, D. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BARKSDALE, District Judge.

## PER CURIAM.

 This appeal is taken from a judgment of the District Court ordering the appellants, defendants below, to make restitution for rental overcharges, and enjoining them from collecting rents for housing accommodations in excess of the legal maximum rents prescribed therefor. The complaint was filed under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901 to 946, and particularly Sections 205(a) and (e) thereof. The appeal is based on three contentions: (1) that the defendants were denied a jury trial in the District Court; (2) that under the statute only the aggrieved tenants are entitled to sue, and (3) that the Expediter served no notice or demand for refund prior to the filing of the complaint.

There is no merit in any of these contentions. As to the first it is sufficient to say that the complaint seeks injunctive relief in equity and hence defendants were not entitled to a jury trial, because the distinction between law and equity, so far as the right to a jury trial under the Seventh Amendment to the Federal Constitution is concerned, has always been and is still preserved. The situation is not changed in this respect by the fact that the Expediter prayed not only for an injunction but for restitution of rents illegally collected, for as pointed out in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, an order for the recovery and restitution of illegal rents may be considered as an equitable adjunct to an injunction decree authorized by Section 205(a) of the Act. It is equally well settled by the same decision that the Expediter (formerly the Administrator) is authorized to bring a suit for injunction and restitution under Section 205(a) and is also authorized to sue for damages under Section 205(e) when the aggrieved tenant fails to do so within a specified time. There was no suit by the tenant in this case.

 Finally the statute does not require the Expediter to make demand upon an offending landlord before instituting suit, and in any event it does not appear that the defendants suffered any prejudice by the failure of the Expediter to make a preliminary demand if such failure should be found to exist in this case.

The judgment of the District Court is Affirmed.