**McCOY v. WOODS, Housing Expediter.**
**No. 5911.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1949.

Decided Oct. 6, 1949.

James E. Rector, Asheville, N. C., on brief for appellant.

Ed Dupree, General Counsel, Office of the Housing Expediter, Washington, D. C. (Hugo V. Prucha, Assistant General Counsel, Office of the Housing Expediter, Washington, D. C. and Benjamin Freidson, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

This is a companion case to case No. 5910, 177 F.2d 354 and involves one of the appellants therein. The appeal was taken from a judgment of the District Court ordering the appellant to make restitution for rental overcharges and enjoining her from collecting rents in excess of the legal maximum prescribed by the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The same contentions are made in this case as in case No. 5910 and must be rejected for the same reasons since Section 206(b) of the Act of 1947, which authorizes the Expediter to apply for injunctive orders in respect to practices in violation of the Act, is approximately the same as Section 205(a) of the Emergency Price Control Act of 1942.

The appellant, somewhat vaguely, makes the additional contention that the Expediter should be denied relief because he does not come into court with clean hands. It is said that he interfered with the action of the State court, presumably in regard to an eviction action, and that one of the tenants committed depredation on the leased premises and inconvenienced other tenants. The legal basis for this contention does not appear. The Expediter applied for relief to the court prescribed by the statute, and that court had jurisdiction to consider any defenses to the action and to bring in all parties in the event of conflicting claims and counterclaims between the tenants and the landlord, Porter v. Warner Holding Co., 328 U.S. 395, 403, 66 S.Ct. 1086, 90 L.Ed. 1332, but the appellant made no application to the court to add additional parties to the proceeding.

The judgment of the District Court is affirmed.