**WOODS, Housing Expediter, v. WOLFE et al.**

**No. 10047.**

United States Court of Appeals Third Circuit.

Argued March 6, 1950.

Decided May 18, 1950.

Joseph E. Gold, Philadelphia, Pa. (Jesse N. Goldstein, Philadelphia, Pa., Paul M. Chalfin, Philadelphia, Pa., on the brief), for appellants.

Louise F. McCarthy, Washington, D. C. (Ed Dupree, General Counsel, A. M. Edwards, Jr., Acting Assistant General Counsel, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and LEDERLE, District Judge.

BIGGS, Chief Judge.

This is a suit brought by the Housing Expediter (then Creedon, now Woods) against the defendants, the Wolfes, alleging that overcharges had been made in violation of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 904(a), as amended. Jurisdiction in the court below was invoked pursuant to Sections 205(a) and (c) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, §§ 925(a) and (c), and Section 206 (b) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1896(b), the latter Act having been enacted on July 1, 1947 to continue and maintain the maximum rentals prescribed pursuant to the Emergency Price Control Act.

The pertinent facts are as follows. The Wolfes own a house in Philadelphia. They rented a room to the Slavins from November 12, 1942 to December 12, 1946. The maximum legal rental for the room was $30.00 a month. The defendants charged $40.00 a month, $30.00 of which was paid by the Slavins by check, the balance, $10.-00, being paid in cash. These facts were found by the court below on ample evidence. The court decided that violations had been committed by the defendants and ordered them to make restitution to the Slavins in the amount of $470.00, to be paid through the Office of the Housing Expediter. The trial judge also enjoined the defendants from soliciting or receiving rents in excess of the maximum legal rents permitted by the Housing and Rent Act of 1947 or the regulations promulgated thereunder. In connection with the injunctive relief granted by the court below, the learned trial judge found: "That, in view of the violations shown, it is reasonable to believe that unless restrained the defendants will violate the rent regulations when acting as landlords." The defendants have appealed.

The points raised by the defendants require no extended discussion. The Wolfes first assert that the court below erred in granting the injunction contending that no immediate need for such relief existed and that the injunctive process of the court below was in effect employed only to punish the defendants for their past misdeeds. In this connection the defendants emphasize the fact that the room which had been rented by them to the Slavins had been taken over by their son and that they were not acting as landlords at the time of the trial or at the time of the entry of the judgment complained of. The Wolfes allege, second, that the injunction served no public interest, that it merely provided "the basis for awarding money damages to the tenants."

We agree that an injunction may not be imposed on a defendant to punish him for his past misconduct or be employed

merely as a basis for jurisdiction which otherwise would not exist. Such, however, was not the use of the injunction here. As we have indicated the Wolfes had increased the rental charge $10.00 a month for a period of 48 months, making use of a cash-check device as demonstrated by the evidence. There can be no question but that they possessed guilty knowledge and guilty intent. While the district judge refused to make a finding as requested by the defendants that the room was occupied by the defendants' son, he stated that he would assume nonetheless that the room was occupied by the son. We will assume, as did the court below, that this was the fact. The defendants therefore take no harm from the court's refusal to make the requested finding. On the merits we agree with the conclusion of the court below that because the defendants are presently in a position, perhaps temporarily, where they could not violate the law, it does not mean that they might not be quick to violate it again. A four-year-long period of prior deliberate misconduct requires a strong showing that the offending individuals are actually in *locus paenitentiae*. The Wolfes have made no such showing. Under the circumstances we cannot say that the court below abused its discretion in issuing the injunction. Bowles v. Leithold, 3 Cir., 155 F.2d 124, 125.

■ Having so ruled it becomes unnecessary to discuss the second branch of the defendants' argument. For the future guidance of the courts of this circuit it is not out of place, however, to dispose of the contention involved. The Wolfes insist that Section 205(a) of the Emergency Price Control Act will not support restitution unless the court possessed the jurisdiction to issue an injunction. Since, say the defendants, the court below was without jurisdiction to issue the injunction for the

reasons asserted by the defendants and already discussed in this opinion, the court cannot compel restitution under Section 205(a).[1] They construe Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and Hecht Co. v. Bowles, 321 U.S. 321, 328, 64 S.Ct. 587, 88 L.Ed. 754, in a way which would prohibit recovery by the Expediter. We agree with the defendants that the Porter decision is largely dispositive of this issue in the instant case but we cannot agree with the defendants' construction of that decision. The order of restitution in the instant case as in Porter " * * * may be considered as an order appropriate and necessary to enforce compliance with the Act." Mr. Justice Murphy went on to say, "Section 205(a) anticipates orders of that character [viz., orders for restitution], although it makes no attempt to catalogue the infinite forms and variations which such orders might take." 328 U.S. at page 400, 66 S.Ct. at page 1090, 90 L.Ed. 1332. The defendants insist that the sentence which follows the words last quoted, "The problem of formulating these orders has been left to the judicial process of adapting appropriate *equitable*[2] remedies to specific situations.", compels a decision of the issue in their favor. They say in effect that restitution is in the nature of a remedy at law and since the court was without jurisdiction to grant the equitable remedy of injunction, likewise it must be deemed to be without power to grant the remedy of restitution.

The answer to the contention is that the Supreme Court has held restitution to be a proper *equitable* remedy under Section 205 (a). See Porter v. Warner Co. supra, and Ebeling v. Woods, 8 Cir., 175 F.2d 242, 244. Congress made available to the Expediter through Section 205(a) an armory of the weapons of equity. One of these weapons

1. As a counterpart to this argument the Wolfes point out that Section 205(e) of the Act, which provides a remedy for the collection of damages for over-ceiling violations, requires that suits be instituted within one year of the violation; here the last violation took place on November 12, 1946 and suit was not instituted until August 28, 1947. Recovery under the section last cited would be based on overcharges made after August 28, 1946 and would include only three such overcharges. We agree with the defendants that recovery of damages under Section 205(e) would be limited.

2. Emphasis added.

is the injunctive process; another is restitution. Neither one is dependent upon the other. Both may be availed of, or one or the other successfully employed. The defendants try to draw a sharp distinction between actions at law and actions in equity as exemplified respectively by Sections 205(a) and 205(e). It is true that Section 205(e) might be described as a remedy "at law", and Section 205(a) as supplying remedies "in equity" as distinguished from those "at law". But even if this unwitty diversity be insisted upon it remains clear that Congress could give, and the Supreme Court has ruled that Congress has given, to the Expediter the remedies prescribed in Section 205(a) including the remedy of restitution. The views expressed here are in accord with those of other courts. See Woods v. Wayne, 4 Cir., 177 F.2d 559, 560; Woods v. Witzke, 6 Cir., 174 F.2d 855, and the other cases cited by Judge Soper in the Wayne case.

The judgment appealed from will be affirmed.