**WOODS v. SWANSON et al.**

Civ. No. 7560.

United States District Court,
W. D. Pennsylvania.

Feb. 8, 1951.

Harold L. Wertheimer, Litigation Atty., Philadelphia, Pa., for plaintiff.

Lee L. Leonard, Pittsburgh, Pa., for defendants.

GOURLEY, District Judge.

This is a suit brought by the Housing Expediter against the defendants, Alex Swanson and Teresa Swanson, alleging that overcharges had been made in violation of Section 4(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. and Section 206(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq.

Jurisdiction was invoked pursuant to Sections 205(a) and 205(c) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 925(a) and 925(c) and Section 206(b) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq.

The Expediter demands the issuance of an injunction and an order of restitution to the tenant for the rental overcharges made for the dwelling unit to the tenant. The pertinent facts are as follows:

The defendants, Alex Swanson and Teresa Swanson, owned a house in Pittsburgh, Pennsylvania. They rented a room to one Ann Kindrock commencing on or about July 1, 1942 and which she continued to occupy until August of 1948. The maximum legal rent for the room was $3.50 per week. During the whole of said period just mentioned, the tenant was charged by the defendants and paid an amount in excess of $3.50 per week.

Question Involved—Is a landlord subject to the provisions of the Rent Control Acts where one or two rooms in a dwelling unit is rented to tenants?

■ The burden of establishing that housing accommodations are exempt from rent control is upon the person asserting such exemption. Woods v. Oak Park Chateau Corp., 7 Cir., 179 F.2d 611.

■ I am of the firm conviction that the rental of one or two rooms in a private dwelling house was subject to the provisions of the Rent Control Acts during the period involved in this proceeding. 8 F.R. 7332; 8 F.R. 7334; 8 F.R.10618; 12 F.R. 4331; 12 F.R. 4302; 13 F.R. 1861; 13 F.R. 5001.

■ Under the facts in this case the Expediter is entitled to injunctive relief in which the defendants shall be restrained from soliciting or receiving rents in excess of the maximum of legal rents. In addition thereto, the Expediter is entitled to an Order in which the defendants shall be directed to make restitution to the tenant for the overcharges made.

■ Restitution is a proper equitable remedy to enforce compliance with the acts as is the injunctive process, neither one is dependent upon the other. Woods v. Wolfe, 3 Cir., 182 F.2d 516.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. At all times herein mentioned the defendants, Alex Swanson and Teresa Swanson, were landlords of the housing accommodations designated as second floor middle apartment, 1233 Palo Alto Street, Pittsburgh, Pennsylvania.

2. During the period July 1, 1942 to June 30, 1946 and during the period July 27, 1946 to March 31, 1948, the maximum legal rent for the aforesaid housing accommodation under the aforesaid Acts and Regulations was $3.50 per week.

3. During the period April 1, 1945 to June 30, 1946 the defendants received from Ann Kindrock, for and in connection with the use and occupancy of the aforesaid housing accommodation, the sum of $4 per week.

4. During the period from July 1, 1946 to July 26, 1946, the premises were not subject to any Rent Control Act.

5. During the period July 27, 1946 to August 31, 1946 the defendants received from Ann Kindrock, for and in connection with the use and occupancy of the aforesaid housing accommodation, the sum of $4 per week.

6. During the period September 1, 1946 to March 31, 1948 the said defendants received from the said Ann Kindrock, for and in connection with the use and occupancy of the aforesaid housing accommodation, the sum of $4.50 per week.

7. The sums received by the defendants for and in connection with the use and occupancy of the said housing accommodation during the periods aforementioned were in excess of the maximum rents established for said accommodation.

8. The overcharges thus received by the defendants from the said Ann Kindrock amounted to $114.93.

Conclusions of Law.

1. This Court has jurisdiction of the subject matter of this suit and over the parties hereto.

2. There was in effect from July 1, 1942 to June 30, 1947, (except for the period July 1, 1946 to July 26, 1946) the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. There was also in effect from July 1, 1942 to May 31, 1943 Maximum Rent Regulation No. 28 (7 F.R. 4913) and there was in effect from June 1, 1943 to June 30, 1947 (except for the aforementioned period July 1, 1946 to July 26, 1946) the Rent Regulation for Housing (8 F.R. 7322), issued pursuant to the said Act. There was in effect at all pertinent times after June 30, 1947, the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. and the Controlled Housing Rent Regulation (12 F.R. 4331) issued pursuant thereto. The said Acts and Regulations, as amended, established maximum legal rents for housing accommodations within the Pittsburgh Defense Rental Area during the periods hereinafter mentioned.

3. The defendants have violated the Emergency Price Control Act of 1942, as amended, by demanding and receiving rent in excess of the maximum rent permitted by the said Act and Maximum Rent Regulation No. 28 and the Controlled Housing Rent Regulation issued thereunder, and the defendants have further violated the Housing and Rent Act of 1947, as amended, by demanding and receiving rent in excess of the maximum rent permitted by the said Act and the Rent Regulation for Housing, as amended, issued thereunder.

4. The defendants, having engaged in violations of the aforesaid Acts, an order enforcing compliance, enjoining violations and requiring restitution to the tenant is authorized under Section 205(a) of the Emergency Price Control Act of 1942, as amended, and Section 206 of the Housing and Rent Act of 1947, as amended.

5. An order should be made herein:

(a) directing the defendants, within thirty days from the date of the order, to pay to the Treasurer of the United States the sum of $114.93 for the use and benefit of Ann Kindrock, the said sum representing restitution of rent overcharges, payment thereof to be made through the Office of The Housing Expediter, Litigation Section, 1530 Chestnut Street, Philadelphia, Pennsylvania;

(b) enjoining the defendants, their agents, servants, employees and all persons in active concert or participation with them from demanding, accepting or receiving, directly or indirectly, any rent in excess of the maximum rent prescribed by the Housing and Rent Act of 1947, as amended, or as heretofore or hereafter amended, extended, or superseded, or in excess of the maximum rent permitted by any regulation or order heretofore or hereafter adopted pursuant to the said Housing and Rent Act of 1947, as amend-

ed, as heretofore or hereafter amended, extended, or superseded, and the Regulations issued pursuant thereto as heretofore or hereafter amended, extended or superseded;

(c) directing the defendants to pay the costs of this action.

An appropriate Order will be filed.