**ORENSTEIN v. UNITED STATES.**

**UNITED STATES v. ORENSTEIN.**

Nos. 4556, 4557.

United States Court of Appeals
First Circuit.

July 25, 1951.

Rehearing Denied Aug. 22, 1951.

Louis Winer, Boston, Mass., for Louis Orenstein.

Francis X. Riley, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., (Ed Dupree, General Counsel, Leon J. Libeu, Asst. General Counsel, and William A. Moran, Special Litigation Attorney, all of Office of Housing Expediter, all of Washington, D. C., on brief) for the United States.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

These are cross-appeals from a judgment under § 206(b) of the Housing and Rent Act of 1947, as amended, 61 Stat. 199, 63 Stat. 27, 50 U.S.C.A.Appendix, § 1896(b), ordering restitution to two tenants of the amount of rent overcharges, and enjoining the landlord from further violations. Though the case is a small one, we have had some difficulty in deciding what to do with it.

The housing accommodation in question was the first-floor apartment of a two-family dwelling house at 169 Mountfort Street, Brookline, Massachusetts, which was owned by the defendant Orenstein during the period of the alleged overcharges, the upper-floor apartment being at that time occupied by the defendant himself. It was agreed and stipulated that the established legal maximum rent for the first-floor apartment was $70 per month, unfurnished. The first tenant to whom restitution was ordered was Irving Miller, who occupied the apartment from October 1, 1947, to March 1, 1948. Harold L. Miller, the second tenant to whom restitution was ordered, occupied the apartment from March 6, 1948, to May 5, 1949.

On August 18, 1949, the United States filed its complaint in the present case. In the complaint were enjoined (1) a cause of action for injunction and restitution to the tenants under § 206(b) of the Housing and Rent Act, and (2) a cause of action for three times the amount of the overcharges occurring within a year prior to the filing of the complaint, payable to the United States, pursuant to § 205 of the Housing and Rent Act of 1947, as amended, 63 Stat. 27, 50 U.S.C.A.Appendix, § 1895, the tenants having failed to bring suit.

Defendant made seasonable demand for a jury trial on the factual issues of the complaint generally. The United States moved to strike the claim for a jury trial, which motion was allowed by the court. Thereafter, the case proceeded to trial before the district judge sitting without a jury.

The district judge found that defendant Orenstein conceived the idea of renting the premises as a furnished apartment and made application on October 1, 1947, to the Office of the Housing Expediter for an appropriate upward adjustment of the maximum rent on account of the proposed change from an unfurnished to a furnished apartment. See Forde v. United States, 1 Cir., 1951, 189 F.2d 727. However, the landlord withdrew this application the next day. He rented the apartment to Irving Miller beginning October 1, 1947,

under an arrangement whereby the tenant was to pay $70 per month rental for the apartment, tied in with a rental of furniture from B. A. Holmes Co., Inc., at $115 per month. The district judge found as a fact that this corporation was entirely owned and controlled by the defendant and that it was "perfectly apparent that the defendant, without authority, tied in the rental of his furniture with the ceiling rental of his apartment. This is illegal under the statute and regulations." Similar findings were made as to the second tenant, Harold L. Miller, who occupied the premises from March 6, 1948, to May 5, 1949; for that period the tenant paid a total of $160 per month, apportioned $70 for the apartment and $90 for the furniture.

■ These findings were amply supported by the evidence, and cannot be upset on appeal as being "clearly erroneous". At the argument before us Orenstein did not seriously contend otherwise. On the basis of these findings the district judge correctly concluded that the defendant had violated the statute and the applicable regulation; that Irving Miller was overcharged the total sum of $575 for the whole period of his occupancy; and that Harold L. Miller was overcharged the total sum of $1260 for the whole period of his occupancy.

■ The final finding of fact by the district judge was as follows: "I cannot find that the overcharge was willful as, in fact, the tenants were dealing with an individual on one hand and a corporate entity on the other. While such activity was illegal, it does not necessarily follow that it was a willful violation." The judge made no finding as to whether the violations, if not willful, were the result of negligence. But under § 205 of the Housing and Rent Act of 1947, as amended, whether the suit for damages is brought by the tenant, or by the United States in default of suit by the tenant, the landlord is liable for three times the amount of the overcharges unless he "proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation", in which latter case "the

amount of such liquidated damages shall be the amount of the overcharge or overcharges". In other words, in order to reduce the amount of his liability for damages to the amount of the overcharge or overcharges, the defendant has the burden of establishing that his violation was neither willful nor negligent.

In the ensuing judgment now before us on review, the district court, in addition to issuing a permanent injunction against further violations of the Act and the regulation, ordered Orenstein to refund to the Treasurer of the United States the sum of $1835.00, to be disbursed by the Treasurer $575.00 to Irving Miller and $1260.00 to Harold L. Miller. This was all under § 206(b) of the Act. The judgment made no award of damages to the United States on account of its cause of action under § 205 of the Act, not even single damages for the amount of the overcharges exacted within a year prior to the filing of the complaint, let alone treble damages.

No. 4556 is an appeal by the defendant Orenstein, principally on the ground that the court below committed error in denying his claim for a jury trial. The United States cross-appealed from the same judgment, in No. 4557, on the ground that the trial court erred in not awarding statutory damages to the United States as provided under § 205 of the Act.

■ As to the cause of action for injunction and restitution under § 206(b) of the Act, it is clear that that is equitable in nature, and that therefore the defendant had no constitutional right to trial by jury. McCoy v. Woods, 4 Cir., 1949, 177 F.2d 354. See the discussion by Mr. Justice Story in Parsons v. Bedford, Breedlove & Robeson, 1830, 3 Pet. 433, 446, 447, 7 L.Ed. 732. If the equitable jurisdiction of the court has been properly invoked for injunctive purposes, restitution to the tenant of the amount of the overcharges can be regarded as within the incidental powers of a court of equity. Another view supporting such an order for restitution is that the order may be regarded as an "other order" of an equitable nature under § 206(b), appropriate to enforce compliance

with the Act. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, applying the similar provisions of the Emergency Price Control Act of 1942. On the latter view, though for some reason the United States might not be entitled to ask for an injunction—for instance, where the premises had been decontrolled subsequent to the date of the violations— "an equitable decree of restitution would be within the section [206(b)] if it was reasonably appropriate and necessary to enforce compliance with the Act and effectuate its purposes." United States v. Moore, 1951, 340 U.S. 616, 619, 71 S.Ct. 524, 526. It would seem to follow that, even though the United States in its complaint under § 206(b) asks only for a decree of restitution to the tenant, this being a remedy equitable in nature, to be distinguished from a judgment at law for damages payable to the United States as plaintiff, the defendant then is not entitled as of right to a jury trial. The Supreme Court did not need to make an explicit ruling to that effect in United States v. Moore, supra, because there the defendant had never made demand for a jury trial as required by Rule 38, Fed.Rules Civ. Proc., 28 U.S.C.A., so that any right to a jury trial, assuming its existence, had been waived.

■ The cause of action for treble damages under § 205 of the Housing and Rent Act of 1947 is a different matter. This section, like its counterpart in § 205(e) of the Emergency Price Control Act of 1942, as amended, 58 Stat. 640–41, 50 U.S.C.A.Appendix, § 925(e), provides that an aggrieved tenant may, within one year from the date of the occurrence of the violation, bring suit for damages on his own behalf; and further provides that if the tenant should fail to bring such suit within 30 days of the date of the violation, the United States may, within the one-year period, institute such action for damages, the amount recovered in such case to be paid into the treasury of the United States for the account of the United States, of course. The Supreme Court pointed out, in Porter v. Warner Holding Co., supra, 328 U.S. at page 402, 66 S.Ct. at page 1091,

90 L.Ed. 1332, that a court giving the relief of damages under § 205(e) of the Emergency Price Control Act [§ 205 of the Housing and Rent Act of 1947] "acts as a court of law rather than as a court of equity", in contrast to the other provision of law under which an injunction and restitution to the tenant are decreed. The Congress itself, in enacting the Emergency Price Control Act, recognized that this provision for damage actions, afforded "a remedy at law to persons damaged by having had to pay unlawfully high prices." S.Rep.No.931, 77th Cong., 2d Sess., p. 9. See 328 U.S. at page 402 note 5, 66 S.Ct. 1086, 90 L.Ed. 1332.

■ "Actions which at common law would fall within well-recognized forms of action, and which are not complicated by equitable defenses are jury actions if demand for jury is made." 3 Moore's Fed. Practice p. 3010. A tenant's action under § 205 of the Housing and Rent Act of 1947, seeking recovery of liquidated damages by way of compensation for the injury suffered by him individually, would, under the common law forms of action, have been enforced by an action on the case; and therefore the defendant in such a complaint would be entitled to a jury trial. If the United States brings the action for damages under § 205, in default of suit by the tenant within 30 days of the date of violation, it is seeking "damages in the nature of penalties", 328 U.S. at page 401, 402, 66 S.Ct at page 1091, 90 L.Ed 1332, an added sanction in the public interest in aid of effectuating the purposes of the Act. Such an action by the United States to recover a statutory penalty would have been enforced, under the earlier forms of action at common law, by an action of debt. In Hepner v. United States, 1909, 213 U.S. 103, 115, 29 S.Ct. 474, 53 L.Ed. 720, in an action of debt brought by the United States to recover a penalty imposed by the Alien Immigration Act of 1903, the Court recognized that the defendant had the constitutional right to have a jury pass upon any triable issues of fact. The defendant is entitled to a jury trial of an action brought under § 205 of the Housing and Rent Act, notwithstanding that the cause of action is

based upon an Act of Congress. Not only is this clear from the cases involving suits for statutory penalties, but as a further instance it is well settled that in actions for treble damages under the Sherman Act, 15 U.S.C.A. § 15, the defendant is entitled to a jury trial. Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Ring v. Spina, 2 Cir., 1948, 166 F.2d 546. See also Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 468; United States v. Jepson, D.C.D.N.J. 1950, 90 F.Supp. 983. Likewise, it has been held that in an action by an employee under § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover overtime compensation and a like amount as liquidated damages, the parties are entitled as of right to a jury trial, though the statute itself is silent on the point. Olearchick v. American Steel Foundries, D.C.W.D.Pa.1947, 73 F.Supp. 273.

■ Thus we think it clear that, if the present complaint by the United States had been solely for treble damages under § 205 of the Act, the defendant would have been entitled as of right to demand a jury trial. See accord, 35 Minn.L.Rev. 304 (1951). This separate and distinct cause of action for damages in the nature of a penalty does not lose its character as an action at law, and become merely an "equitable adjunct", by reason of being joined in a single complaint with another cause of action of an equitable nature under § 206(b) of the Act. See the discussion by Judge Ford in United States v. Strymish, D.C.D.Mass.1949, 86 F.Supp. 999.

■ However, the joinder of these two causes of action in a single complaint may have one important consequence in relation to the factual issues triable as of right before a jury. The issue whether the landlord in fact overcharged the tenant in violation of the regulation is common to the two causes of action. The order of trial is in the discretion of the district judge. Since the cause of action under § 206(b) for injunction and restitution is equitable in nature, the court in disposing of that claim is entitled to make findings of fact on the issues of violation and the amount of the overcharges without participation by a jury. Determinations of fact so made, if not "clearly erroneous", are binding on the defendant, who is not entitled to relitigate such issues before a jury in the disposition of the cause of action for treble damages under § 205. If the judge chooses to take this course, the only factual issues left to be tried by a jury as a matter of right in the treble damage action under § 205 have to do with whether the violation, conclusively established by the finding of the court, was willful or "the result of failure to take practicable precautions against the occurrence of the violation." Unless the defendant sustains the burden of satisfying the jury that the violation was neither willful nor negligent, the United States is entitled as of right to judgment for damages equal to three times the amount of the overcharges. Meyercheck v. Givens, 7 Cir., 1950, 186 F.2d 85.

We have yet to consider what would be the effect on the claim by the United States for restitution to the tenant, in the cause of action under § 206(b), if the United States should insist, as it is entitled to, upon recovery of the maximum damages under § 205.

As already indicated, Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, held that in a complaint by the government for an injunction and other equitable relief, under § 205(a) of the Emergency Price Control Act, the court was empowered in the exercise of a sound discretion to grant an order of restitution to the tenant in the amount of the overcharges. This was held, despite the fact that Congress in § 205(e) had expressly authorized the tenant to sue the landlord for three times the amount of the overcharges, and by the amendment to § 205(e) in 1944 had authorized the government to sue for such treble damages in default of suit by the tenant within 30 days after the date of the violation. In United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, the Court reached the same result under the almost identical provision for equitable

relief in § 206(b) of the Housing and Rent Act of 1947, as amended, holding that under that section the Court was also empowered to grant an equitable decree of restitution. We are of course bound by these decisions, whatever collateral difficulties they may present. These difficulties we had in mind in Cobleigh v. Woods, 1 Cir., 172 F.2d 167, certiorari denied 1949, 337 U.S. 924, 69 S.Ct. 1168, 93 L.Ed. 1732, a case arising under the Emergency Price Control Act, in which case we said, 172 F.2d at page 170: "It is apparent from the statutory scheme that the maximum liability contemplated by Congress, even of the most willful violator, was three times the amount of the overcharges. It would seem, therefore, that on a complaint filed by the Administrator, the court would not have power to order restitution to the tenant in the amount of the overcharges as an incident of its equitable powers under § 205(a), and at the same time to give judgment to the Administrator, on behalf of the United States, for three times the amount of the overcharges. For this reason we think the Administrator probably was well-advised in asking the court to reduce his recovery of damages under § 205(e) to twice the amount of the overcharges in case the court should grant an order of restitution to the tenants under § 205(a). It might be objected that where the Administrator is entitled to sue for statutory damages under § 205(e), the Act provides that the whole of the recovery goes to the United States, and that therefore it would be improper to divert part of this recovery to the tenants in the guise of a restitution order under § 205(a). But if the result seems odd, it is still, we think, a logical consequence of the holding in Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332."

It may be noted that in Porter v. Warner Holding Co., supra, the complaint only sought an injunction and an order for restitution under § 205(a) of the Emergency Price Control Act. The government did not also seek treble damages under § 205(e) of the Act; indeed, at the time the complaint was filed the government was not authorized under § 205(e) to bring suit for treble damages in default of such suit by the tenant. It is also significant that the government's complaint did not seek an order for restitution of overcharges so far as applied to those tenants who had commenced a treble damage action against the landlord under § 205(e) of the Act. See Bowles v. Warner Holding Co., D.C.D.Minn.1944, 60 F.Supp. 513, 519. In holding in that case that the court was empowered to issue an equitable decree of restitution, the Supreme Court was not facing a situation in which the landlord's total liability might exceed three times the amount of the overcharges.

As above stated, when § 205(e) of the Emergency Price Control Act was amended in 1944, 58 Stat. 640–41, it was provided that the government might sue for damages in default of such suit by the tenant. If the landlord proved that the violation was neither willful nor negligent, the government could not recover in such action more than the amount of the overcharges. But where the violation was willful or negligent, the government was not entitled as of right to a judgment for three times the amount of the overcharges; there was discretion in the court to award the government such amount, not more than three times the amount of the overcharges, as the court might determine. The result was that if the government asked both for restitution under § 205(a) of the Price Control Act and for damages under § 205(e) of that Act, the court under its discretionary powers could award full restitution of the overcharges to the tenant and could fix the amount of the damages to be recovered under § 205(e), even in the case of a willful violator, so that in the net effect the landlord would not be held liable in excess of three times the amount of the overcharges.

But in § 205 of the Housing and Rent Act of 1947, as amended, containing the provision for recovery of damages corresponding to § 205(e) of the Emergency Price Control Act, the United States is entitled as of right to judgment for three times the amount of the overcharges

occurring within one year prior to the filing of the complaint, unless the landlord proves that the violation was neither willful nor negligent. No discretion as to the amount of damages is confided in the court. Therefore, if the United States insists, as it may, upon recovery of a judgment for treble damages in the case of a willful or negligent violator, the court must render such judgment; however, if the court does so, it will no longer be an appropriate exercise of equitable jurisdiction to issue an order for restitution to the tenant under § 206(b) of the Housing and Rent Act. We say this, because an order for restitution and the recovery by the United States of treble damages by way of penalty are both in vindication of the public interest, where the tenant fails to pursue his private remedy; and there is no indication that Congress ever contemplated that the maximum liability of even a willful violator should be in excess of three times the amount of the overcharges.

Though a willful or negligent violator may be liable to the United States, under § 205, for three times the amount of the overcharges, the United States may nevertheless, if it chooses, forego a part of this claim in the interest of asking for and obtaining a decree for restitution to the tenant under § 206(b). That·in effect is what the United States did in the complaint in the present case, in its first prayer for relief, in which it asked for judgment in favor of the United States "for $2160.00 being three times the amount of the overcharges collected by the defendant within one year, as set forth in the Complaint, or, in the event that restitution to said tenant be ordered, that judgment for damages recovered by the plaintiff be reduced by the amount of such restitution." Therefore, even if the United States should prevail in its cross-appeal, the most that it could recover upon further proceedings on remand, insisting as it does upon retention of the order for restitution to the tenants, would be $2160 minus $1835 (the amount of restitution ordered in the judgment), or a total recovery by way of damages of $325. And if it should be determined by a verdict of the jury that the violations were neither willful nor negligent, the United States would take nothing on its claim for damages, in view of its insistence upon the order for restitution to the tenants.

With the foregoing considerations in mind, we have concluded that the cross-appeal by the United States in No. 4557 should fail. As the case came to judgment, it would have been error for the district judge to award any damages to the United States on its cause of action under § 205. As above pointed out, the most that the government could have recovered by way of damages would have been $325; and this only if the defendant was a willful or negligent violator. The defendant was entitled to have the issues of willfulness and negligence determined by a jury. As to willfulness, a jury could have found that the defendant thought he was in compliance with the regulation, since the tenant's agreement for the rental of the furniture was made with a separate corporate entity. That, in fact, seems to have been the view of the district judge. Furthermore, the defendant testified that he had consulted some official in the area rent director's office, who informed him that the prospective tenant Irving Miller could be supplied with a furnished apartment in either of two ways, (1) by the filing of an application by the landlord for an appropriate increase of the maximum rent on account of the change-over from unfurnished to furnished, or (2) by rental of the apartment to Miller at the established maximum rent, unfurnished, of $70 per month, with a side agreement by the tenant with the corporation for the rental of the furniture. This evidence, though weak, would make a jury issue on whether the landlord took practicable precautions against running afoul of the requirements of the regulation. It is true, the defendant did not specifically plead his lack of willfulness or negligence; but these were issues in the case by force of the statute, as affecting the amount of damages. The trial judge

evidently regarded them as issues in the case, for he made findings on lack of willfulness. The failure of the defendant to plead this partial defense in his answer was at worst only a mere technical irregularity.

If the United States should answer the above argument by saying that it was the trial judge's error in disallowing the demand for a jury trial which led to the inability of the court to award damages to the plaintiff when the case came to judgment, it may be pointed out that this error was invited or induced by the plaintiff itself, for the United States moved to strike defendant's claim for a jury trial and the court allowed such motion. An appellant will not ordinarily be permitted to complain of an error which he himself invited or which at his instance the court committed. Haley v. Kilpatrick, 8 Cir., 1900, 104 F. 647; McNeil & Higgins Co. v. Howell, 7 Cir., 1926, 10 F.2d 969; Pitcairn v. Fisher, 8 Cir., 1935, 78 F.2d 649, 651; MacLaughlin v. Hull, 9 Cir., 1937, 87 F.2d 641, 644. The application of this rule is particularly appropriate where, as here, the United States as appellant would at best have so little to gain by further proceedings in the district court.

With the failure of the cross-appeal by the United States, we have no doubt that on the appeal by the landlord in No. 4556 the judgment of the district court should be affirmed. That judgment gave relief only on the cause of action under § 206(b) of the Act, which was equitable in nature, and as to which the defendant was not entitled to a jury trial. Though the defendant was entitled to a jury trial with respect to the cause of action for damages under § 205, the court's denial of such jury trial became harmless error, since the eventual judgment awarded no damages to the plaintiff on this cause of action.

The order for restitution to the tenants embraced the whole period of the violations, from October 1, 1947, to May 5, 1949, instead of being limited to refund of the overcharges occurring within a year prior to the filing of the complaint. Appellant Orenstein objected to this, in his statement of points on appeal, but did not press the objection at the oral argument. The order for restitution was proper. It is clear that the one-year limitation on the recovery of liquidated damages under § 205 is not applicable to limit the amount of restitution which the court may order as a phase of equitable relief under § 206(b). Ebeling v. Woods, 8 Cir., 1949, 175 F.2d 242, 244; Woods v. McCord, 9 Cir., 1949, 175 F.2d 919; Woods v. Wolfe, 3 Cir., 1950, 182 F.2d 516.

It appears from uncontradicted evidence that after the date of the last violation and prior to the filing of the complaint herein, Orenstein sold the duplex dwelling house in question, and that he owns no other real estate or rental property. In the absence of some showing of the likelihood of future violations, the granting of an injunction in this case may have been improvident. See Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Woods v. Wolfe, supra. But neither in the statement of points nor in the brief or oral argument on behalf of appellant Orenstein was objection raised on this ground to the inclusion of an injunction order in the court's judgment; and we are therefore not disposed to disturb that portion of the judgment. Of course, even without an injunction, the order for restitution would itself, standing alone, have been an appropriate form of equitable relief. United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524; Woods v. Wolfe, supra.

In both cases the judgment of the District Court is affirmed.