**UNITED STATES v. KANE et al.**

**No. 10985.**

United States Court of Appeals, Third Circuit.

Argued June 4, 1953.

Decided June 19, 1953.

Leonard Sarnar, Philadelphia, Pa. (Wolkin & Sarner, Philadelphia, Pa., on the brief), for appellants.

Cecil H. Lichliter, Washington, D. C. (Robert A. Sauer, Acting Gen. Counsel, Nathan Siegel, Sol., Washington, D. C., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action brought for statutory damages and injunctive relief under sections 205 and 206 of the Housing and Rent Act of 1947.[1] The defendants were found guilty of violations of the act and an order was entered against them, the contested portions of which are discussed below.

The first point made by the defendants is that the findings of the trial judge with respect to violations of the statute are clearly erroneous. This point is not well taken. There was direct conflict of testimony with regard to the taking and receiving of unpermitted payments. A determination of the question depended upon the conclusion as to which witnesses

1. 50 U.S.C.A.Appendix §§ 1895, 1896.

were telling the truth. This is particularly the type of question which an appellate court is reluctant to re-examine. We are certainly not in as good a position as the trial judge to determine whether witness A or witness B is telling the truth and we are quite satisfied with the conclusion reached in this case.

The second point of complaint is that the order issued against the defendants is too broad. They were enjoined from:

"(1) directly or indirectly soliciting, demanding, accepting or receiving any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded.

"(2) directly or indirectly violating the Housing and Rent Act of 1947, as amended or superseded, and Regulations issued thereunder, as amended or superseded."

Defendants say that at the worst all they did was to take unlawful bonuses, and they should not be put under a blanket injunction forbidding any violation of the act. The decision of this court in Woods v. Polis, 3 Cir., 1950, 180 F.2d 4, is cited as authority for that proposition. We think the Polis case is right and abide by it. But this case is different. Here is no inadvertent violation. The trial court made a finding of fact "that a practice existed for charging bonuses for obtaining the rental of these apartments." The practice refers to the acts of the defendants. The injunction, therefore, is not too sweeping.

The third objection which defendants make to the order is that part which directs the payment of $400 to the United States. This $400 was the amount which one of the persons to whom apartments were leased by defendants was found to have paid as an unlawful bonus. The tenant, however, waived any claim for restitution to herself. The court ordered the amount paid into the Treasury of the United States.[2] This presents the interesting legal point in the case. Section 205 of the Act provides for recovery of attorneys' fees and costs, liquidated damages and, at the discretion of the court, a penalty for the taking of excess rent payments. But suit must be brought "within one year after the date of violation".[3] Section 206 provides for equitable enforcement and authorizes an injunction "or other order".[4]

2. The district court also ordered restitution of overcharges to five other tenants.

3. Section 205 reads as follows:

"(a) Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained (or shall be liable to the United States as hereinafter provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: * * *

* * * * *

"(c) Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of violation: Provided, That if the person from whom such payment is demanded, accepted, received, or retained, or the person wrongfully evicted, either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may settle the claim arising out of the violation or within one year after the date of violation may institute such action. * * *"

4. Section 206(b) reads as follows:

"(b) Whenever in the judgment of the President any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this Act, or any regulation or order issued thereunder, the United States may make application to any Federal, State, or Territorial court of competent jurisdiction for

Out of these two sections comes the question in this case. The suit was not brought within a year after the violations. Therefore, the penalties provided in section 205 cannot be imposed. Can the Government accomplish indirectly, by calling upon the court to exercise its equitable powers under section 206(b), what it could not ask for because its claim under § 205 is outlawed? The Supreme Court, in discussing the subject of restitution in Porter v. Warner Holding Co., 1946, 328 U.S. 395, 401, 66 S.Ct. 1086, 1091, 90 L.Ed. 1332, said that section 205(a) established "the sole means whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties." The court went on to say that restitution "differs greatly from the damages and penalties which may be awarded under § 205(e)."[5] In such a case the Administrator "asks the court to act in the public interest by restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant." 328 U.S. at page 402, 66 S.Ct. at page 1091.

■ We think this language supports the contention of the defendant. And we think, in addition to the support of the language, that the defendants' argument has the right of the matter. Restitution to the tenant is not asked for. She does not want it. The United States has nothing to be restored; it paid out no money upon an unlawful demand for forbidden rent. If the United States exacts anything from these defendants it is by nature of a penalty which in a proper case may be imposed upon them. But that proper case is one in which the action is brought within one year of violation.[6]

The argument for the appellee tells us that the Ninth Circuit had the same question in a case called Crenshaw v. Woods, decided January 18, 1951. But since the case is not reported we have neither the facts nor the court's decision on the facts to help us. Counsel for the Government also says that the point has been ruled his way in numerous district court opinions, none of which have been reported and about which we know nothing. They are, therefore, of no help to us.

The judgment of the district court will be modified by deletion therefrom of paragraph two thereof which provides: "that the defendants pay to the Treasurer of the United States for and on behalf of the United States the sum of $400." As modified the judgment will be affirmed.

---

an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

5. The Supreme Court had before it the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., § 205 (a) of which corresponds to the present § 205(a) of the Housing and Rent Act of 1947, and § 205(e) of which corresponds to the present § 206(b). The Court held that restitution may be ordered under the equitable enforcement provision even though the one-year limitation bars an award of damages or penalties.

6. We also think that a contrary decision would jeopardize a defendant's right to jury trial in damage and penalty proceedings under § 205. The Eighth Circuit has decided that when the Administrator sues for both damages and penalties under § 205, and for restitution under § 206(b), the equitable nature of the latter may not deprive a defendant of his right to trial by jury on the former, even though the issues in both are precisely the same. Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828. The First Circuit disagrees. Orenstein v. United States, 1 Cir., 1951, 191 F.2d 184. Whatever is the right answer when the Administrator properly joins claims for penalties and for restitution, we think that he should not be allowed to prevent jury trial by disguising a penalty claim as a demand for restitution.