**UNITED STATES v. LYONS.**

No. 10834.

United States Court of Appeals,
Seventh Circuit.

Feb. 5, 1954.

Robert H. Orbison, Indianapolis, Ind., for appellant.

Warren E. Burger, Asst. Atty. Gen., Bruce H. Zeiser, Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., Jack C. Brown, U. S. Atty., Indianapolis, Ind., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This action was brought pursuant to § 205(c)[1] and § 206(b)[2], Housing and Rent Act of 1947, as amended, claiming violations of § 206(a) (1)[3] and § 204(b)[4] of said Act. Defendant was charged with having demanded and accepted as rental for controlled housing accommodations sums in excess of the maximum legal rent. The complaint asked restitution, injunctive relief, and liquidated damages. In the judgment defendant was ordered to pay $772.50 to the Treasurer of the United States for the use and benefit of certain designated tenants; the judgment also ordered defendant to pay to the United States of America, as liquidated damages, the sum of $298, and provided for injunctive relief.

The only point urged by defendant on this appeal is that plaintiff did not prove that the tenants had failed to institute actions within 30 days from the date of the occurrence of said violations.

Section 205(c) of the Act provides in part: "Suit to recover liquidated damages as provided in this section may be brought in any Federal court * * * within one year after the date of violation: *Provided*, That if the person from whom such payment is demanded, accepted, received, or retained * * * either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may settle the claim arising out of the violation or within one year after the date of violation may institute such action." There is here no claim that any tenant was barred for any reason from bringing an action, within the 30 day period.

The authority to bring a suit for restitution is not contained in § 205. The provision for an injunction is contained in § 206(b). Where the equitable jurisdiction of a court has been invoked for injunctive purposes, restitution to tenants can be regarded as within the incidental powers of a court of equity. Orenstein v. United States, 1 Cir., 191 F.2d 184, 188. Also the order for restitution may be regarded as a proper "other order" of an equitable nature under § 206(b) appropriate to enforce compliance with the Act. Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L.Ed. 1332. Thus, even were the defendant's contention as to failure of proof on the part of the plaintiff sustained, it would apply only to that part of the judgment awarding $298 as liquidated damages.

The trial court made this finding: "14. More than thirty (30) days have elapsed since the occurrence of the violations herein and the aforesaid tenants have failed to institute any action under § 205 of the Housing and Rent Act of 1947, as amended." We cannot say that this finding was clearly erroneous. Tenant Silvers testified:

"Q. This is the first time you have ever been in court? A. Yes.

"Q. On rental overcharges as to defendant Lyons? A. This is my first time in court. Never been in on any other charge.

1. 50 U.S.C.A.Appendix, § 1895(c).

2. 50 U.S.C.A.Appendix, § 1896(b).

3. 50 U.S.C.A.Appendix, § 1896(a) (1).

4. 50 U.S.C.A.Appendix, § 1894.

"Q. No rent overcharges? A. Nothing."

Tenant Brower testified that her appearance in court was the first time she had appeared in court on rent overcharges made by defendant. Bessie Sweeney, a tenant, testified that she had not previously been in court with reference to rent overcharges against defendant. Raymond Getz testified:

"Q. Were you ever in court before? A. No, Sir.

"Q. This is the first time you appeared against Catherine Lyons for rent overcharge? A. Yes."

Counsel for the government would have been more accurate if he had asked each tenant witness on direct examination whether he or she had previously instituted any court action against the defendant for rental overcharge. However, he did establish that tenants Silvers, Brower, Sweeney and Getz were appearing in court for the first time against defendant because of rental overcharges by her. It is difficult to believe that these witnesses differentiated between starting an action and being in court for the first time by reason of rental overcharges by defendant. Furthermore, defendant testified and made no claim that any action had previously been commenced by any of the tenant witnesses. Had any such action been started and defendant had proved that point, it would have been decisive as to one phase of the claim for damages. Defendant was represented by able counsel, and to assume that the point was overlooked is stretching credulity too far.

■ True it is that defendant was under no obligation to prove plaintiff's case; nevertheless we think the trial court could draw a legitimate and reasonable inference from all of the testimony that none of the tenants who testified, except Ruby Reynolds, had previously commenced suit against the defendant for rental overcharges.

■ An examination of the testimony of Ruby Reynolds discloses that she was not asked any question as to previous actions commenced against the defendant or whether this was her first time in court with reference to rental overcharges. Had the court awarded the maximum liquidated damages, a modification of the judgment would be required. Plaintiff had demanded $848 in statutory damages, but under the statute the court exercised its discretion and allowed $298. Under the circumstances we think the error caused by the failure of proof as to the witness Reynolds is not prejudicial. Judgment affirmed.